Edward S. THOMAS, Jr., Appellant,

v.

Stanton FERGUSON, Jr., Appellee.

Court of Appeals of Kentucky.

Jan. 13, 1978.

Richard D. Heideman, Thomas A. Dockter, Louisville, for appellant.

Ronald V. Simpson, Louisville, for appellee.

Before HOWARD, REYNOLDS and WILHOIT, JJ.

HOWARD, Judge.

This case involves a cause of action asserted under the Motor Vehicle Reparations Act by the driver of an uninsured automobile as against the adverse driver. The trial court granted summary judgment in favor of appellee, the adverse driver.

Appellant, Edward S. Thomas, Jr., is uninsured in violation of KRS 304.39–010. All persons who register, operate, maintain or use a motor vehicle on the public roadways of this Commonwealth are deemed to have accepted the provisions of the act. KRS 304.39–060(1). The constitutionality of the act was upheld in *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975).

Tort liability with respect to accidents occurring in this Commonwealth arising from the ownership, maintenance, or use of a motor vehicle is abolished, with exceptions which were not proven in the present case, for damages because of bodily injury to the extent that basic reparation benefits provided by the act are payable therefor. KRS 304.39–060(2)(a)(b).

KRS 304.39–310(2) provides that an owner who fails to have security as required under KRS 304.39–110 has the rights and obligations of a reparation obligor. However, the rest of that statute provides for the subrogation of any other reparation obligor to the rights of the injured person against such owner. KRS 304.39–070(2) provides that a reparation obligor shall not be subrogated to a secured person. Here appellee is such a secured person. KRS 304.39–310(2), in our minds, contemplates *the injured person not being* the uninsured motorist. Even assuming that is not so,

KRS 304.39–070(2) precludes appellant from subrogating himself against appellee.

KRS 304.39–050(1) provides that the security covering the vehicles occupied by the injured party is primary, and further that:

(2) If there is no security covering the vehicle, any contract of basic reparation insurance under which the injured person is a basic reparation insured shall apply.

In the present case, the appellant cannot be found to be a basic reparation insured of any policy.

By reason of KRS 304.39–160(4), appellant is precluded from participating in the assigned claims plan.

We do not feel that the public policy of the Commonwealth of Kentucky allows us to give this uninsured motorist a cause of action for personal injuries as against the adverse driver, an insured motorist. We are reminded of Justice Palmore's comment, on page 777, of *Fann v. McGuffey, supra:*

. . . The compulsory insurance aspect, about which there seems to be no legal question, is likely to rip off more skin than the limitation of tort rights.

The judgment of the trial court is affirmed.

All concur.