**John Joseph AMMONS and Indiana Insurance Company, Appellants,**

v.

**Sheryl Ann WINKLEPLECK, infant, by her mother and next friend Barbara Winklepleck, Appellees.**

Court of Appeals of Kentucky.

Aug. 18, 1978.

Robert G. Hunt, Henderson, for appellants.

Joseph R. Flaherty, Owensboro, for appellees.

Before COOPER, HOGGE and PARK, JJ.

PARK, Judge.

Sheryl Ann Winklepleck suffered permanent brain damage and other personal injuries in a single car accident. At the time of the accident, Winklepleck was a passenger in an automobile owned and operated by John Joseph Ammons who was the named insured in a policy written by the Indiana

Insurance Co. The policy provided coverage for bodily injury (BI) liability with limits of $25,000 for any one person's claim and coverage for basic reparation benefits (BRB) with limits of $10,000. The sole question on this appeal is whether Indiana Insurance Co. is entitled to a set-off or credit on its BI liability coverage for all amounts paid to Winklepleck under the BRB coverage.

Indiana Insurance Company has paid Winklepleck the full amount of its BRB coverage, $10,000. Indiana has also paid $15,000 under its BI liability coverage. Because the total payments to Winklepleck equal the $25,000 limits under the BI liability coverage, Indiana asserts that it has no further liability under the policy arising out of the accident. Winklepleck contends that the $25,000 BI liability coverage and the $10,000 BRB coverage should be "stacked" to provide total coverage by Indiana of $35,000. The damages suffered by Winklepleck are conceded to be in excess of $35,000. Ammons's negligence in causing the accident is not in issue. A separate premium was charged for the BI liability coverage and the BRB coverage.

Indiana Insurance Co. and Ammons appeal from the judgment of the circuit court holding that Indiana was liable for the full $25,000 BI liability coverage without any credit for the $10,000 paid under the BRB coverage.

## I

■ Because it was not permitted to set off its BRB payments against its BI liability coverage, Indiana claims Winklepleck has been permitted double recovery. According to Indiana, such double recovery is barred by the provisions of the Motor Vehicle Reparations Act (MVRA), KRS 304.39–010 et seq. The answer to this argument is simple. Winklepleck has not recovered twice for the same items of damage. The BRB payments were for items of loss or damage not within the BI liability coverage. The MVRA does not require that BRB payments be set-off or credited against BI liability coverage.

The MVRA has introduced a form of compulsory insurance to Kentucky. Except for governmental agencies, every owner of a motor vehicle registered or operated in Kentucky must provide "security" for the payment of "basic reparation benefits" and the payment of "tort liabilities." KRS 304.-39–080(5). Except for persons qualifying as a self insurer, "security" can be provided only by a contract of insurance. KRS 304.-39–080(6). An insurance contract meets the requirement of security only if it provides separate BI liability coverage and BRB coverage. The BI coverage must have minimum limits of $10,000 per person and $20,000 per accident. The BRB coverage must have minimum limits of $10,000 per accident. KRS 304.39–110(1)(a) and (d); KRS 304.39–020(2); *Fann v. McGuffey*, Ky., 534 S.W.2d 770, 772 (1975). Under the MVRA, the BI coverage and the BRB coverage do not cover the same items of loss or damage.

Under the BRB coverage, Winklepleck was entitled to payment for economic loss such as medical expense or loss of income not exceeding the BRB coverage limits of $10,000. Indiana was under an obligation to pay the BRB without regard to any fault on the part of its insured, Ammons. KRS 304.39–020(5) and 304.39–040(1). There was no BI liability coverage for those items of economic loss for which BRBs were payable because Ammons's tort liability was "abolished" for those items of damage. KRS 304.39–060(2)(a). Although Ammons's tort liability was abolished for the first $10,000 of economic loss suffered by Winklepleck, his tort liability was not abolished for the balance of her economic loss in excess of the $10,000 BRB coverage. *Fann v. McGuffey, supra* at 773, fn. 16. There was BI liability coverage for economic loss only after the BRB coverage had been exhausted.

BRB coverage provides no payment for noneconomic loss such as pain and suffering. KRS 304.39–020(5). Because Winklepleck incurred medical expenses exceeding $1,000, Ammons's tort liability was not abolished for her noneconomic loss including pain and suffering. KRS 304.39–060(2)(b). Noneconomic loss may be recov-

ered only under the BI liability coverage of Indiana's policy.

There is not double recovery in this case. Under the MVRA, the BI liability coverage and the BRB coverage are not overlapping. By their very nature, they apply to different items of damage or loss.

Indiana cites two sections of the MVRA for its argument that the legislature intended that BRB payments be credited against BI liability coverage. KRS 304.39–070(2) provides that an insurer making BRB payments is subrogated to the rights of the injured person against "any person or organization other than a secured person." Indiana concedes that this statute has no direct application to this case. Ammons was a "secured person." KRS 304.39–070(1) and 304.39–080(1). Consequently, no subrogation claim for BRB benefits could ever be asserted against him under KRS 304.39–070(2). Nevertheless, Indiana argues that the statute indicates a legislative purpose to deny an injured party double recovery of benefits under the MVRA. We agree that there is such a legislative policy. KRS 304.-39–050(3) prohibits recovery of BRB payments in excess of $10,000 or from more than one BRB obligor. However, a policy against double recovery of BRB payments for the same loss provides no basis for reducing the limits of BI liability coverage by the amount of BRB payments.

Indiana also relies on KRS 304.39–120(1) which provides that social security and workmen's compensation payments are deducted in calculating net loss for the purpose of determining BRB payments. This statute does not affect the $10,000 limits of BRB coverage. The only purpose of the statute is to define what constitutes loss within the BRB coverage. The fact that the MVRA would prohibit an injured party from recovering twice for the same item of damage lends no support for the argument that BI liability coverage limits must be reduced by the amount of BRB payments. BRB payments are not made for items of loss or damage for which there could be any recovery under the BI liability coverage.

## II

█ In support of its argument that its policy required all BRB payments to be credited against the limits of its BI liability coverage, Indiana relies upon the following provision contained in the BRB coverage section of its policy:

*Non-Duplication of Benefits; Priority of Payments; Other Insurance*

No eligible injured person shall recover *duplicate benefits for the same elements of loss* under this or any similar insurance, including approved self-insurance plans. In the event an eligible injured person has other similar insurance, including approved self-insurance plans, available and applicable to the accident, the maximum recovery under all such insurance shall not exceed the amount which would have been payable under the provisions of the insurance providing the highest dollar limit, and the Company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limit of liability of this coverage and such other insurance.

This clause has no application to this case for the simple reason that the BI liability coverage and the BRB coverage do not overlap and do not provide "duplicate benefits for the same elements of loss." There is no identity of risk. The BRB clause provided the only coverage for economic loss up to $10,000. The BI liability clause provided the only coverage for noneconomic loss and for economic loss in excess of $10,000. In the absence of identity of risk, Indiana can derive no benefit from the "other insurance" clause. 16 Couch on Insurance § 62:92 (2d ed. 1966).

## III

Because Indiana's policy contains no clause reducing the limits of BI liability coverage by the amount of BRB payments, we need not consider whether such a clause would conflict with any of the provisions of the MVRA.

The judgment of the circuit court is affirmed.

All concur.