John C. STINNETT and Mary K. Stinnett, Appellants,

v.

Ollie H. MULQUIN, Appellee.

Court of Appeals of Kentucky.

Nov. 17, 1978.

Rehearing Denied Jan. 19, 1979.

Discretionary Review Denied April 24, 1979.

Gilbert Hale Nutt, Terry E. Fox, Segal, Isenberg, Sales, Stewart & Nutt, Louisville, for appellants.

Lee E. Sitlinger, Jr., Louisville, for appellee.

Before COOPER, GANT and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a summary judgment entered March 1, 1978, which dismissed a claim for personal injuries by a non-resident motorist and his wife, arising out of a collision on November 26, 1976. Appellants were residents of Booneville, Indiana, had Indiana motor vehicle operator's licenses and were owners of two motor vehicles registered in Indiana. Appellants had motor vehicle insurance through Liberty Mutual Insurance Company in the state of Indiana. The trial court granted a motion for summary judgment, construing the Kentucky no-fault insurance act as a bar against the appellants' claim for injuries, and that as a matter of law the plaintiffs/appellants' complaint should be dismissed. This appeal followed.

Appellants set out four assignments of error as follows:

1) The trial court committed reversible error in granting appellee's motion for summary judgment because there was a genuine issue of material fact.

2) The trial court committed reversible error when it interpreted KRS 304.39–100(2) as abolishing the tort right of non-residents insured by companies doing business in the state of Kentucky.

3) The trial court's interpretation of KRS 304.39–100(2) violates Sections 14 and 54 of the Kentucky Constitution.

4) The trial court's interpretation of KRS 304.39–100(2) violates the due process and equal protection clauses of the United States Constitution.

This Court considers that the overriding question in determining this matter is whether the appellants had an affirmative opportunity to reject the legislatively imposed limitation on an individual's tort right to sue.

This Court reverses the summary judgment of the trial court and remands this case for a determination of the factual question as to whether a rejection form was sent by the Liberty Mutual Insurance Company and received by the appellants.

The trial court indicated that non-residents should not have greater rights in Kentucky than residents. The trial judge said that it was unreasonable that non-residents would acquire more constitutional protection from the Kentucky Constitution than the citizens of Kentucky. It appears to us that constitutional protection should be afforded equally to those who are affected by Kentucky law.

KRS 304.39–060(1) provides that any person who operates or uses a motor vehicle on the public roadways of Kentucky shall have accepted the provisions of the Kentucky no-fault insurance law.

KRS 304.39–060(2)(a) further provides that tort liability, with respect to accidents occurring in Kentucky and arising from the use of a motor vehicle, is abolished to the extent basic reparation benefits are payable.

KRS 304.39–030 provides that if an accident occurs in Kentucky, every person suffering loss from injury arising out of the accident, whether such person is a resident or non-resident, has a right to basic reparation benefits, unless he has rejected the limitations on his tort right to sue. Here, the record is not sufficiently clear to indicate that an affirmative opportunity to reject the limitation on individual tort rights was given. Such an opportunity is the cornerstone of inclusion in legislative enactments which limit the right of suit guaran-

teed by Kentucky Constitution Section 54. See: *Wells v. Jefferson County*, Ky., 255 S.W.2d 462 (1953) and *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975).

Here, Liberty Mutual indicates that it has filed, with the Kentucky Commissioner of Insurance, a form declaring that all of its automobile liability policies, wherever issued, provide basic reparation benefits coverage to those insureds for accidents occurring in Kentucky, and that a rejection form was mailed to those policy holders. Appellants dispute that critical fact, indicating that they were never provided with a rejection form as required by the Kentucky statute. The testimony in the record does not convince this Court that an affirmative opportunity to reject had been afforded the appellants.

Therefore, pursuant to Civil Rule 56.03, it is our opinion that there is a genuine issue of material fact and the appellee was not entitled to a judgment as a matter of law.

This Court now turns to the other issues raised by the appellants. Our examination of the record indicates that the trial court did not commit reversible error in respect to the question of excess coverage.

It appears to us that the policy of insurance with Liberty Mutual was a contract of insurance that provided basic reparation benefits coverage. It appears from the record that the appellants did, in fact, collect basic reparation benefits from Liberty Mutual.

The trial court's interpretation of the Kentucky nofault statute does not violate Sections 14 and 54 of the Kentucky Constitution, except as we have indicated above. The limitation on the right to sue should be uniformly applied to both residents and non-residents. The overall question of constitutionality has been decided in *Fann v. McGuffey, supra*. Although we may not agree with the decision by the four to three majority in that case, this Court is governed by the decision in that case, inso-

far as it sets an overall legal policy for the interpretation of the statutes in question.

The appellants' arguments relative to the alleged violation of the due process and equal protection clauses of the United States Constitution are without merit. Equal protection does not require identical treatment for all persons. The government retains the power to treat different classes of people in different ways, so long as the classification has a reasonable basis. See: *Probus v. Sirles*, Ky.App., 569 S.W.2d 707, (1978).

The summary judgment of the trial court is reversed and this matter is remanded to determine the fact of whether an affirmative opportunity was provided the appellants to reject the limitation on the right to sue.

All concur.