**Mark GUSSLER, Appellant,**

v.

**Helen DAMRON, Appellee.**

Court of Appeals of Kentucky.

May 16, 1980.

Patricia Meigs Pitt, Rose & Short, Ashland, for appellant.

Ronnie G. Dunnigan, Ashland, for appellee.

Before REYNOLDS, HOGGE and COOPER, JJ.

HOGGE, Judge.*

The appeal now before us involves the question whether a motorist who exceeds the thresholds of KRS 304.39–060 may maintain a tort action to recover damages for his injuries in spite of the fact that he has no insurance coverage for the accident and has failed to reject the tort limitation provisions of the No-Fault Act. Since enactment of the Motor Vehicle Reparations Act (sometimes known as the No-Fault Act), there have been several published

* This case was assigned and argued prior to the May 1, 1980 amendment to SCR 1.030(7)(b).

opinions relating to the Act and the uninsured motorist. *Probus v. Sirles*, Ky.App., 569 S.W.2d 707 (1979); *Atchison v. Overcast*, Ky.App., 563 S.W.2d 736 (1978); *Thomas v. Ferguson*, Ky.App., 560 S.W.2d 835 (1978). In the appeal now before us, the trial court has held that the plaintiff-appellant was barred from bringing action and summary judgment was granted for the defendant-appellee. The appellee relies on the above-cited cases as setting forth a general rule that under no circumstances can a motorist maintain a court action to recover damages where he has no insurance coverage for the accident and has failed to reject the tort limitation provisions of the No-Fault Act. However, in none of the cited cases was an issue raised regarding motorists who have no insurance and who exceed the thresholds of KRS 304.39–060, and the records of those cases reveal no allegations that any of the suing motorists exceeded those thresholds.

In this case, however, it is alleged that the appellant Mark Gussler exceeded the thresholds of KRS 304.39–060.

Therefore, we must turn to words of the statute itself for guidance. The relevant sections of KRS 304.39–060 provide as follows:

(2)(a) Tort liability with respect to accidents occurring in this commonwealth and arising from the ownership, maintenance, or use of a motor vehicle is "abolished" for damages because of bodily injury, sickness or disease to the extent the basic reparation benefits provided in this subtitle are payable therefor, or that would be payable but for any deductible authorized by this subtitle, under any insurance policy or other method of security complying with the requirements of this subtitle, except to the extent noneconomic detriment qualifies under subsection (2)(b) hereof.

(b) . . . a plaintiff may recover damages in tort for pain, suffering, mental anguish and inconvenience because of bodily injury, sickness or disease arising out of the ownership, maintenance, operation or use of such motor vehicle only in the event that the benefits which are payable for such injury as "medical expense" or which would be payable but for any exclusion or deductible authorized by this subtitle exceed one thousand dollars ($1,000), or the injury or disease consists in whole or part of permanent disfigurement a fracture to a weight-bearing bone, a compound, comminuted, displaced or compressed fracture, loss of a body member, permanent injury within reasonable medical probability, permanent loss of bodily function or death.

From this statute it is apparent that tort liability is abolished *only* to the extent that basic reparation benefits are payable or would be payable but for any authorized deductible. A plaintiff can recover damages in tort when an accident results in exceeding a $1,000 threshold on medical expense, or in the event of fracture to a weight-bearing bone, permanent injury, or certain other severe consequences listed in the statute. The word "plaintiff" is not limited to persons who are insured.

At common law those persons who were injured by another's negligence had a right to sue for damages. It has been said that intention to abrogate the common law is not presumed; the intention to repeal it by statute must be clearly apparent. *Spirko v. Commonwealth*, Ky., 480 S.W.2d 169 (1972). We do not find an intention in the Kentucky No-Fault Insurance Act to abolish all suits by motorists without insurance coverage, regardless of the seriousness of the injury. Under similar legislation, the New York Supreme Court reached the same conclusion as to its no-fault act. *Scarpelli v. Marshall*, 92 Misc.2d 244, 399 N.Y.S.2d 1001 (1977). Furthermore, we believe that the conclusion that an uninsured motorist who exceeds the thresholds may bring suit for damages is indicated by the decision in *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975). *Fann v. McGuffey* specifically states that if the threshold is met, there is no limitation on the kind or amount of damages recoverable over and above the BRB paid or payable. *Fann, supra*, at 774. In addition, *Fann v. McGuffey* held the

No-Fault Act constitutional, but in doing so it expressly noted that the act "limits rather than abolishes tort liability." *Fann, supra,* at 773. The court also spoke of "the modest extent to which the scope of tort recovery is constricted." *Fann, supra,* at 777. We cannot say that if the Act were construed as totally abolishing all tort remedies for the uninsured motorist the same holding of constitutionality could be reached. A statute should be so construed as to uphold its constitutionality whenever possible, *Jacobs v. Underwood,* Ky., 484 S.W.2d 855 (1972). In view of this principle and the language of *Fann v. McGuffey,* we conclude that a motorist, as here, whose personal injury damages exceed the thresholds of KRS 304.39–060 and who has failed to reject the tort limitations of the Motor Vehicle Reparations Act or to obtain security in compliance with the requirements of the Act, may bring an action in tort to recover for damages over and above the BRB payable to an insured motorist.

The conclusion we have reached does not mean that the No-Fault Act is without penalties for the uninsured motorist who does not reject the tort limitation provisions of the Act. He is precluded from receiving basic reparations benefits. He may have his license suspended and be fined for failing to have in full force and effect the security required by subtitle 39 of KRS Chapter 304. KRS 304.99–060.

We hold that the trial court erred in determining that, even if the plaintiff's injuries exceeded the thresholds of KRS 304.39–060, his action was barred by reason of his lack of security and his failure to reject the tort limitations of that Act. We now turn to the effect of that determination on this case in which the defendant's motion for summary judgment was granted.

CR 56.03 states that a summary judgment shall be rendered if there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In this case no allegation was made that the plaintiff's injuries failed to exceed the thresholds of KRS 304.39–060 either in the motion for summary judgment or in the briefs on appeal. Instead, the defendant merely alleged that the failure to have security and to reject the tort limitations of the Act automatically barred suit. This was insufficient to entitle her to a judgment as a matter of law. We hold that summary judgment was improperly granted. We note that this decision should not be interpreted as precluding further inquiry into the question of whether the thresholds were exceeded where, as here, no finding has been made on this issue.

The summary judgment is reversed, and the case is remanded for further proceedings.

All concur.