Joseph Christopher STONE, Appellant,

v.

John Thurman MONTGOMERY,
Appellee.

Court of Appeals of Kentucky.

July 10, 1981.

Alan N. Leibson, Alan N. Leibson, P. S. C., Louisville, John Douglas Hubbard, Fulton, Hubbard & Hubbard, Bardstown, for appellee.

Henry A. Triplett, Bennett, Bowman, Triplett & Vittitow, Louisville, for appellant.

Before HAYES, C. J., and GUDGEL and HOWERTON, JJ.

HAYES, Chief Judge.

This appeal is from the lower court's judgment allowing an uninsured motorist to recover medical expenses from the appellant-tortfeasor, an insured motorist.

The facts of this case are not in dispute. Plaintiff-appellee, John T. Montgomery, an uninsured motorist, sustained personal injuries and damage to his automobile in September, 1977, when his vehicle collided with an automobile operated by the defendant-appellant, Joseph C. Stone, an insured motorist. Pursuant to a jury verdict, the appellee recovered $10,000.00 for pain and suffering and $1,509.82 for his hospital and medical expenses. The $10,000.00 portion of the judgment has been satisfied and is not in dispute in this case. What is in dispute here is the $1,509.82 appellee recovered for his claimed hospital and medical expenses. Appellant contends that such expenses are not recoverable by appellee, an uninsured motorist, under the Kentucky Motor Vehicle Reparations Act (MVRA), KRS 304.39–010 et seq.

In *Gussler v. Damron*, Ky.App., 599 S.W.2d 775, 778 (1980), this Court held that:

> ... a motorist, as here, whose personal injury damages exceed the thresholds of KRS 304.39–060 and who has failed to reject the tort limitations of the Motor Vehicle Reparations Act (MVRA) or to obtain security in compliance with the requirements of the Act, may bring an action in tort to recover for damages *over and above the BRB* (basic reparations benefits) *payable to an insured motorist.* (Emphasis added.)

The appellant argues that this holding precludes an uninsured motorist from bringing an action against an insured motorist for medical expenses which would otherwise have been covered and paid by insurance.

The research of recent Kentucky cases indicates that the appellant's reasoning is correct.

Both parties have stipulated that the appellee was not insured and had not rejected the limitations of his tort rights in writing as authorized in KRS 304.39–060(4). By implied consent, therefore, he is deemed to have accepted the provisions of the No-Fault Act. KRS 304.39–060(1); *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975).

The MVRA abolishes liability for economic loss, or basic reparation benefits —including medical and hospital expenses—and does not authorize a tort suit for noneconomic damages (i. e., pain, suffering, mental anguish and inconvenience) unless the medical expenses incurred exceed a $1,000.00 threshold or unless the injuries result in permanent disfigurement, fracture to a weight-bearing bone, etc. These limitations are set out in KRS 304.39–060(2)(a) and (b).

Appellee argues that once the threshold limit has been reached, his tort rights are restored in full to permit an action for all damages suffered including all medical expenses. The statute, however, indicates that noneconomic damages only may be recovered in tort if the threshold is met. Indeed, if the threshold is not reached, an uninsured motorist is precluded from bringing suit for any damages whatsoever. *Atchison v. Overcast*, Ky.App., 563 S.W.2d 736 (1977).

The statute answers the present dispute uncertainly, at best, since it speaks of abolishing tort liability "to the extent the basic reparation benefits ... are payable therefor ... under any insurance policy or other method of security complying with the requirements of this subtitle ..." KRS 304.39–060(2)(a). Where no insurance policy exists under which BRB will be paid, the statute's mandate appears inconclusive. Must the injured motorist be insured before abolition of BRB tort liability becomes operative (assuming the threshold is met)?

The cases interpreting the MVRA tend to treat insured and uninsured motorists as equally as possible, since both have impliedly consented to be bound by the Act's provisions. In this way, the courts seem to interpret the term "payable" in KRS 304.39–060(2)(a) as if it read "would have been paid." For example, this Court has held that an uninsured motorist whose damages exceed the threshold "may bring an action in tort to recover for damages *over and above the BRB payable to an insured motorist.*" *Gussler, supra,* at 778 (emphasis added).

Similarly, this Court has discussed the application of KRS 304.39–060(2)(a) when an uninsured motorist is sued by an insured motorist:

> [I]t appears from the wording of this section that an uninsured motorist would not be subject to a tort claim for loss by an injured party to the extent that basic reparation benefits are payable to the injured party under an insurance policy, as here, or other security. Nothing in this subsection precludes recovery in tort for pain and suffering against (an) uninsured motorist.

*Hanover Ins. Co. v. Blincoe,* Ky.App., 573 S.W.2d 930, 931 (1978). Since an uninsured motorist's liability is abolished to the extent of the insured's BRB coverage, an insured motorist's liability should likewise be abolished to the extent BRB would have been payable, as the language in *Gussler* suggests.

In *Fann v. McGuffey, supra* at 744, the former Court of Appeals states that once "the threshold is met, there is no limitation on the kind or amount of damages recoverable over and above the BRB paid or payable to the plaintiff." Like the holding in *Gussler,* the foregoing language indicates motorists cannot sue for BRB damages that are, or would have been, paid under an insurance policy by a reparation obligor.

KRS 304.39–110(1)(a) and (d) requires a minimum limit of $10,000.00 BRB coverage per accident. Thus, it would appear that tort liability for such damages is abolished to the extent they do not exceed $10,000.00, regardless of whether the motorist is insured or uninsured. Indeed, this Court's decision in *Ammons v. Winklepleck,* Ky. App., 570 S.W.2d 287 (1978), reinforces such an interpretation, at least insofar as the insured motorist is concerned. In that case, an insured motorist's liability was held to be "abolished for the first $10,000.00 of economic loss suffered by (an injured passenger)," but "tort liability was not abolished for the balance of (the injured party's) economic loss in excess of the $10,000.00 BRB coverage." *Ammons,* at 288. The appellee protests that a negligent insured motorist receives a windfall under such an interpretation of the Act. This view ignores the fact that a negligent uninsured motorist's liability to an injured party is also abolished to the extent BRB damages are paid for an insured motorist's injuries. *See Hanover Ins. Co. v. Blincoe, supra.*

In short, while an uninsured motorist may sue in tort for noneconomic damages once the medical expense threshold is met, no part of those damages defined as BRB (KRS 304.39–020(2)) may be recovered from a secured person except to the extent they exceed $10,000.00, the minimum personal injury protection (PIP) required under the Act. The appellee stresses that the "over and above" language in *Fann* and *Gussler, supra,* is meant only to prevent the possibility of a double recovery. Although the language is definitely susceptible to that limited interpretation, we believe it more logically reflects the abolition of tort liability for BRB damages which is the heart of the MVRA. The sole issue at bar is whether the BRB liability of a negligent motorist, who has nevertheless complied with the Act, remains abolished when the injured party is uninsured. Logic suggests an affirmative answer, even though seeming inequities will undoubtedly arise.

The appellee also contends that the language of KRS 304.39–310(2) gives to an uninsured motorist "all the rights and obli-

gations of a reparation obligor" and so allows the recovery of medical expenses under KRS 304.39–070(3). We do not reach this issue, however, because the appellant's reparation obligor was not named as a party in the trial below or on appeal, and subrogation against secured persons such as the appellant is expressly precluded under KRS 304.39–070(2). *Thomas v. Ferguson,* Ky.App., 560 S.W.2d 835 (1978).

Finally, the appellee urges that a construction of the MVRA which would deprive uninsured motorists from recovering for BRB runs afoul of the Kentucky Constitution, §§ 14 and 54. This argument was laid to rest in *Fann v. McGuffey, supra. See also, Probus v. Sirles,* Ky.App., 569 S.W.2d 707 (1978).

■ We conclude that the MVRA plainly abolishes a motorist's liability to the extent that BRB benefits are payable for injuries another motorist may incur. The minimum amount of BRB coverage required under the Act is $10,000.00. Hence, tort liability for BRB injuries is abolished to the extent such injuries do not exceed $10,000.00. Because every motorist is deemed to have consented to the Act's provisions, this limited abolition of tort liability applies regardless of whether the injured motorist is insured or uninsured.

The appellee complains that such a construction imposes an additional and severe penalty upon the uninsured driver. The proper construction of legislation, however, does not add a penalty that is not already there. For example, in *Hanover Ins. Co. v. Blincoe, supra,* this Court construed the MVRA as allowing an insured motorist the right to sue a negligent uninsured motorist for pain and suffering, even though the insured motorist had not met the threshold requirements. The Court also noted that "[t]he Act has a number of stated purposes including not only that to reduce litigation but the equally important purpose to require motorists to obtain insurance or other security." *Hanover, supra* at 931.

Furthermore, the holding in one case explains that the MVRA is not "without penalties for the uninsured motorist who does not reject the tort limitation provisions of the Act. *He is precluded from receiving basic reparations benefits.* He may have his license suspended and be fined for failing to have in full force and effect the security required by subtitle 39 of KRS Chapter 304." *Gussler v. Damron, supra* at 778 (emphasis added).

While the present issue has not been directly addressed before, the courts have alluded to the result reached here by way of dicta in several cases. A proper construction of the MVRA, as well as the apparent judicial desire to treat insured and uninsured motorists with parity when possible, requires such a result and a reversal of the lower court's judgment in this case.

The judgment of the circuit court is reversed.

All concur.