**Omer C. LANDRUM, et al., Plaintiffs,**

v.

**Margaret JORDAN, et al., Defendants.**

**Civ. A. No. C 81-0063 BG(S).**

United States District Court,
W.D. Kentucky,
Bowling Green Division.

June 13, 1983.

Joe B. Campbell, Campbell & Crandall, Bowling Green, Ky., David King, Franklin, Tenn., for plaintiffs.

William J. Rudloff, Harlin, Parker & Rudloff, Bowling Green, Ky., for defendants.

## MEMORANDUM

SILER, District Judge.

This matter comes before the Court on the defendants' motion to alter or amend the judgment entered in this action on September 9, 1982, and the plaintiffs' motion for a new trial. In accordance with the opinion hereinunder set forth, the Court will deny the plaintiffs' motion for a new trial, deny the defendants' motion to alter or amend the property damage award, and grant the defendants' motion to strike the damage award for medical expenses. Kentucky law will properly be used for the substantive rules in this matter. *See Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Foster v. Leggett,* 484 S.W.2d 827 (Ky.1972).

This action was filed May 11, 1981, by the plaintiffs wherein they alleged that Sara R. Jordan, a Kentucky resident, negligently operated an automobile owned by her mother, Margaret Jordan (later added to the case as the owner was the father and husband of the original plaintiffs, Donald Jordan), causing an accident, in Kentucky, with the automobile driven and owned by Omer C. Landrum. Mrs. Landrum was a passenger in her husband's car at the time of the accident. Both Landrums are Tennessee residents. The defendants countersued as both parties sought property damages and the plaintiff Mrs. Landrum, in addition, sought personal injury damages.

A jury trial was conducted on September 8–9, 1982. The jury found Sara R. Jordan negligent and awarded Brenda Landrum $5,925.99 in medical expenses, $1,000.00 for her pain and suffering, but granted no award for the impairment of her earning capacity or for lost wages. Mr. Landrum was awarded $2,000.00 for property damage and nothing for his loss of consortium claim.

## PLAINTIFFS' MOTION FOR A NEW TRIAL

Plaintiffs argue that they are entitled to a new trial due to the size of the damage award being against the weight of the evidence. Plaintiffs' motion has no merit.

The rule on inadequacy of damages as a basis for a new trial is found in *Reisberg v. Walters,* 111 F.2d 595 (6th Cir.1940), which held that a new trial may be granted in this type of case only if the damages are palpably and grossly inadequate. A jury is

not bound to testimony that has not been directly controverted, as the plaintiffs suggest, but rather, a jury can and often does draw inferences from testimony presented. The verdict does not appear to be made under the influence of any passion or prejudice and there is ample evidence in the record to support the inferences drawn by the jury from the facts. *See Davidson v. Vogler,* 507 S.W.2d 160, 162 (Ky.1974). "Where under the evidence as a whole, it was not clearly unreasonable for the jury to find as it did, its verdict must be upheld." *Hargett v. Dodson,* 597 S.W.2d 151, 153 (Ky.App.1979). *See also Columbia Gas of Kentucky v. Maynard,* 532 S.W.2d 3 (Ky. 1976). This verdict is clearly reasonable.

## DEFENDANTS' MOTION TO LIMIT MR. LANDRUM'S PROPERTY DAMAGE AWARD

■ Mr. Landrum, as previously mentioned, was awarded $2,000.00 for damage to his automobile. The defendants argue that $1,136.31 paid to him by his collision insurance carrier, Motors Insurance Corp. (Motors), should be set off or credited against this award to protect the defendant from double recovery. In support of this argument, the plaintiffs submit a copy of a request by Motors to the defendants' carrier, a nonparty, for reimbursement of this amount. The Court does not find the plaintiffs' response to this motion very helpful except to the extent it points out that the defendants have no proof of the transactions that have taken place between the plaintiffs and their insurance carrier. This Court finds that the proper party from whom Motors should seek reimbursement for its own expenditures is the client to whom it paid the money. The defendants should pay the entire property damage judgment award to the plaintiffs and let Motors proceed accordingly.

However, the defendants may receive credit for payment of this judgment if they choose to pay the plaintiffs' collision insurance carrier directly that amount it had previously paid to the plaintiffs for the damage arising out of the accident.

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RECOVERY OF MEDICAL EXPENSES

■ The defendants argue in this motion that Mrs. Landrum's recovery of $5,925.99 for her medical expenses is barred by the Motor Vehicle Reparations Act (No-Fault), KRS 304.39–010 *et seq.* The defendants' brief in support of this argument correctly states applicable Kentucky law but fails to take into consideration the fact that Mrs. Landrum is not a Kentucky resident. Whether the No-Fault statute is enforceable against a noninsured nonresident has yet to be decided by the Kentucky courts. The plaintiffs' response does nothing more than state the facts that Mrs. Landrum is a Tennessee resident and that Tennessee does not have a no-fault statute. Although plaintiffs claim a result as requested by the defendants would be unconstitutional, they cite no authority in support of that argument.

The No-Fault statute provides that "[a]ny person who . . . uses a motor vehicle on the public roadways of this Commonwealth shall, as a condition of such . . . use of such motor vehicle and use of the public roadways, be deemed to have accepted the provisions of this subtitle. . . . " KRS 304.-39–060(1). Section 2(a) of KRS 304.39–060 provides that tort liability is abolished for bodily injuries to the extent of basic reparation benefits ($10,000). "If the accident causing injury occurs in this Commonwealth, every person suffering loss from injury arising out of . . . use of a motor vehicle has a right to basic reparation benefits unless he has rejected the limitation upon his tort rights as provided in KRS 304.39–060(4)." KRS 304.39–030(1). This section has been held applicable to nonresidents. *Stinnett v. Mulquin,* 579 S.W.2d 374, 375 (Ky.App.1979). Section 304.39–060(4) provides that a person can refuse to consent to this tort right limitation but must do so in writing on a form provided by the Department of Insurance, prior to any acci-

dent claim.[1] Since "every motorist is deemed to have consented to the Act's provisions," *Stone v. Montgomery,* 618 S.W.2d 595, 598 (Ky.App.1981), anyone failing to acquire insurance is deemed to have waived any rights to tort recovery for the first $10,000.00 he incurs in actual medical expenses. *Id.* at 597; *Gussler v. Damron,* 599 S.W.2d 775, 777 (Ky.App.1980); *Thomas v. Ferguson,* 560 S.W.2d 835, 836 (Ky.App. 1978); *Fann v. McGuffey,* 534 S.W.2d 770, 777 (Ky.App.1975).

The purpose of the No-Fault statute is "not only ... to reduce litigation but the equally important purpose to require motorists to obtain insurance or other security." *Hanover Ins. Co. v. Blincoe,* 573 S.W.2d 930, 931 (Ky.App.1978). To attain this purpose the No-Fault statute has certain penalties for uninsured motorists using Kentucky's roads. Most importantly, "[h]e is precluded from recovering basic reparation benefits." *Gussler, supra* at 778. "Since an uninsured motorist's liability is abolished to the extent of the insured's BRB coverage, an insured motorist's liability should likewise be abolished to the extent BRB would have been payable...." *Stone, supra,* at 597.

The constitutionality of this statute has been questioned in several cases. In *Probus v. Sirles,* 569 S.W.2d 707 (Ky.App.1978), the Kentucky Court of Appeals held that the statute does not deprive noninsured persons the constitutionally protected right of travel, does not impose a substantial burden on interstate commerce, and does not violate constitutional principles of equal protection. There does not seem to be any authority to the contrary, either by Kentucky or federal courts, or else plaintiffs would have cited it.

Thus, if Mrs. Landrum was a resident of Kentucky, she would not be able to recover any of the medical expenses awarded her by the jury. The fact, however, that Mrs. Landrum is a nonresident does not excuse her from the provisions of this statute. As previously stated, this statute grants benefits and places burdens equally to residents and nonresidents using Kentucky public roadways. KRS 304.39–060(1); *Stinnett, supra* at 375.[2] The Kentucky legislature obviously intended to include nonresidents within these provisions, and this has been held to be constitutional.

"Constitutional protection should be afforded equally to those who are affected by Kentucky law." *Id.* Mrs. Landrum should receive the same rights and responsibilities as would a resident under similar circumstances.[3] Accordingly, the judgment September 9, 1982, will be amended to provide for damages only for property loss and pain and suffering, eliminating damages for medical expenses.

---

1. An insured nonresident must be provided this opportunity the same as a resident or otherwise is not subject to the provisions of the Act. *Stinnett, supra* at 376.

2. The fact that Mrs. Landrum was a passenger is of no consequence as according to the definition of "user," KRS 304.39–020(15), her residing in the same house as Mr. Landrum brings her under the provisions of this Act.

3. It is not as if the plaintiffs are total strangers to Kentucky or its vehicle laws, as they resided in Kentucky from 1966 to 1975, where they owned and operated an automobile dealership. The Kentucky No-Fault law was passed in 1974 and became effective on July 1, 1975.