**Shelby F. RUSSELL, Plaintiff-Appellant,**

v.

**David PROFFITT, Defendant-Appellee.**

No. 84–5536.

United States Court of Appeals, Sixth Circuit.

Argued April 29, 1985.

Decided June 11, 1985.

David W. Anderson (argued), Cole, Harned & Broderick, Bowling Green, Ky., for plaintiff-appellant.

William J. Rudloff (argued), Harlin, Parker and Rudloff, Bowling Green, Ky., for defendant-appellee.

Before KENNEDY and KRUPANSKY, Circuit Judges, and TIMBERS, Senior Circuit Judge.*

PER CURIAM.

This appeal presents the question—one of first impression in this Court—whether the district court correctly held in this diversity action that a nonresident uninsured motor vehicle operator is barred under the Kentucky no-fault statute from recovering medical and hospital expenses in a personal injury action arising from an automobile accident on a Kentucky highway. We hold that the district court correctly so held. We affirm.

On December 7, 1982, Shelby F. Russell (appellant) commenced an action against David Proffitt (appellee) in the United States District Court for the Western District of Kentucky, to recover damages for personal injuries sustained in an automobile accident that occurred on a Kentucky public highway on February 26, 1982. Jurisdiction was based on 28 U.S.C. § 1332 (1982). Appellant is a citizen of Tennessee. Appellee is a citizen of Kentucky. After a jury trial on February 22, 1984, a $4,000 verdict was returned in favor of appellant, awarding him $3,047.10 for medical and hospital expenses and $952.90 for pain and suffering.

On February 29, 1984, appellee filed a motion to alter or amend the judgment by striking the amount recovered for medical and hospital expenses. The motion was based on the Kentucky Motor Vehicle Reparations Act (the "Act"), Ky.Rev.Stat.Ann. § 304.39–010 et seq. (Bobbs-Merrill 1981) as amended, which became effective July 1,

---

* Honorable William H. Timbers, United States Court of Appeals, Second Circuit, sitting by designation.

1975. On March 9, 1984, appellant filed an affidavit stating that he never resided in Kentucky, never owned an automobile registered or licensed in Kentucky, never held a Kentucky operator's license, was not familiar with Kentucky's motor vehicle laws, and never was provided with an opportunity affirmatively to reject any limitation on his right to sue for damages arising out of an automobile accident. On April 30, 1984, the court, Eugene E. Siler, Jr., *District Judge*, granted appellee's motion, citing *Landrum v. Jordan*, 565 F.Supp. 90 (W.D. Ky.1983) (Siler, J.).

On appeal, appellant concedes that his written admission of July 7, 1983 that he was uninsured at the time of the accident and that he had not rejected in writing any limitation on his tort rights would make him ineligible to recover medical and hospital expenses in a tort action if he were a *Kentucky* resident. Appellant contends, however, that application of the Act to limit the recovery of medical and hospital expenses by an uninsured *nonresident* who has filed an affidavit stating that he did not have an opportunity to reject the Act's limitation on his tort rights violates Section 54 of the Kentucky Constitution. Applying the substantive law of Kentucky, we hold that the district court did not err in amending the judgment to strike the amount recovered for medical and hospital expenses.

The Act abolished tort liability for damages due to personal injuries sustained in motor vehicle accidents which occur in Kentucky, to the extent that basic reparation benefits are payable for such injuries. Ky. Rev.Stat.Ann. § 304.39–060(2). The Act was adopted, inter alia,

"(1) To require owners, registrants and operators of motor vehicles in the Commonwealth to procure insurance covering basic reparation benefits and legal liability arising out of ownership, opera-

tion or use of such motor vehicles." Ky. Rev.Stat.Ann. § 304.39–010(1).

To accomplish that purpose, any person who owns a motor vehicle operated on the public highways of Kentucky is required to maintain security covering the vehicle, regardless of his place of residence. Ky.Rev. Stat.Ann. §§ 304.39–080(5), 304.39–090.

Consent to the Act's coverage is presumed from use of a motor vehicle on the public highways of Kentucky. Ky.Rev. Stat.Ann. § 304.39–060(1). A person may reject the Act's limitation on his tort rights, however, by filing written notice of his rejection with the Kentucky Department of Insurance prior to the occurrence of an accident. Ky.Rev.Stat.Ann. § 304.39–060(4). All insured persons have a right to actual notice of the opportunity to reject the Act's coverage. Ky.Rev.Stat.Ann. § 304.39–060(4), (6); *Stinnett v. Mulquin*, 579 S.W.2d 374 (Ky.Ct.App.1978). The Act does not provide for such notice to uninsured motorists, whether resident or nonresident.

In *Fann v. McGuffey*, 534 S.W.2d 770 (Ky.1975), the Kentucky Supreme Court upheld the Act and its implied consent provision, § 304.39–060(1), against a challenge that they violated Section 54 of the Kentucky Constitution. Section 54 prohibits the legislature from limiting "the amount to be recovered for ... injuries to person or property." The court in *Fann* held that

"implied consent to the law hangs on one's use of the highways, not on the failure to reject, which really is in the nature of an added attraction.

. . .

Being of the opinion that a state's undoubted authority to place conditions upon the use of its highways includes the power to require liability insurance and the acceptance of a no-fault system of loss distribution, we do not regard the option to reject as indispensable to the legal presumption that any person, *sui juris* or not, who uses the highways accepts those conditions, particularly in view of the obvious benefits to himself. Whether the option to reject is exercised

does not involve the waiver of a constitutional right." 534 S.W.2d at 778.

The court in *Fann*, however, declined to decide whether the implied consent provision of the Act could be applied constitutionally to uninsured nonresidents since none of the complaining parties had standing to litigate the rights of nonresident motorists. *Id.* at 775 n. 27 & 779. The court has since applied the Act to insured nonresidents, *Dairyland Ins. Co. v. Assigned Claims Plan*, 666 S.W.2d 746 (Ky. 1984), but it has not yet addressed the issue of whether application of the Act's implied consent provision to uninsured nonresidents would violate Section 54 of the Kentucky Constitution.

The Kentucky Court of Appeals has held that the Act's limitations on tort rights may be applied constitutionally to both insured and uninsured resident motorists. *Probus v. Sirles*, 569 S.W.2d 707, 709–10 (Ky.Ct.App.1978). It also has held that the "limitation on the right to sue should be uniformly applied to both residents and non-residents." *Stinnett v. Mulquin, supra*, 579 S.W.2d at 376. Since an uninsured resident is deemed to have waived any right to tort recovery for medical and hospital expenses to the extent basic reparation benefits would have been payable under the Act, *Stone v. Montgomery*, 618 S.W.2d 595, 598 (Ky.Ct.App.1981), we believe that the Kentucky courts would hold that an uninsured nonresident constitutionally may receive the same treatment under the Act.

We hold that reduction of the judgment in the instant case to exclude medical and hospital expenses did not violate Section 54 of the Kentucky Constitution. Accordingly, the judgment and order of the district court is AFFIRMED.