SHELTER INSURANCE COMPANY,
Appellant,

v.

HUMANA HEALTH PLANS,
INC., Appellee.

No. 91–CA–2993–MR.

Court of Appeals of Kentucky.

March 11, 1994.

Discretionary Review Denied by
Supreme Court Sept. 21, 1994.

William S. Bowman, Leslye M. Murray, Frank L. Dempsey, Louisville, for appellant.

Mark R. Dobiesz, Michael E. Krauser, Louisville, for appellee.

Before GUDGEL, MILLER and SCHRODER, JJ.

GUDGEL, Judge:

This is an appeal from a judgment entered by the Jefferson Circuit Court. The court adjudged that appellee Humana Health Plans, Inc. (Humana), as the health insurance carrier for an uninsured motorist who was injured in an accident, was entitled to recover from the other driver's reparations obligor, appellant Shelter Insurance Company (Shelter), the medical expenses which Humana paid to its insured. We agree with Shelter that the court's ruling was erroneous. Hence, we reverse and remand.

The relevant facts of this case were stipulated. In September 1987 an uninsured motorist, Fidelia Holt, was involved in an automobile accident with Shelter's insured, Roger Whitis. First, Holt asserted a health insurance policy claim against appellee Humana and was reimbursed for $1,956.41 in medical expenses incurred as a result of injuries sustained in the accident. Next, Holt filed a tort action for damages against Whitis, who acknowledged that his negligence had caused the accident. The tort action was subsequently settled. Meanwhile, Humana was permitted to intervene in the pending tort action in order to assert its claim against Shelter for reimbursement of the amount of the medical expenses which it had paid to Holt. Thereafter, the court granted Humana a summary judgment. This appeal followed.

Shelter contends that since Holt was an uninsured driver, she was not statutorily entitled to recover any basic reparations benefits (BRB), including any expenses incurred for medical expenses, from Whitis or Shelter as a result of the accident. Shelter further argues that Humana acquired no greater rights against Shelter than those which Holt

possessed by virtue of the subrogation clause in her medical insurance policy. Shelter therefore urges that since Holt had no right to recover BRB from Whitis or Shelter, the court erred by awarding a judgment to Humana on its subrogation claim. We agree with Shelter's contention.

In *Stone v. Montgomery,* Ky.App., 618 S.W.2d 595, 596–97 (1981), this court held in pertinent part as follows:

> In *Gussler v. Damron,* Ky.App., 599 S.W.2d 775, 778 (1980), this Court held that:
>
> > ... a motorist, as here, whose personal injury damages exceed the thresholds of KRS 304.39–060 and who has failed to reject the tort limitations of the Motor Vehicle Reparations Act (MVRA) or to obtain security in compliance with the requirements of the Act, may bring an action in tort to recover for damages *over and above the BRB* (basic reparations benefits) *payable to an insured motorist.* (Emphasis theirs.)
>
> The appellant argues that this holding precludes an uninsured motorist from bringing an action against an insured motorist for medical expenses which would otherwise have been covered and paid by insurance. The research of recent Kentucky cases indicates that the appellant's reasoning is correct.
>
> . . . .
>
> *In short, while an uninsured motorist may sue in tort for noneconomic damages once the medical expense threshold is met, no part of those damages defined as BRB (KRS 304.39–020(2)) may be recovered from a secured person except to the extent they exceed $10,000.00, the minimum personal injury protection (PIP) required under the Act.* The appellee stresses that the "over and above" language in *Fann* [*v. McGuffey,* Ky., 534 S.W.2d 770 (1975)] and *Gussler, supra,* is meant only to prevent the possibility of a double recovery. Although the language is definitely suscepti-

ble to that limited interpretation, we believe it more logically reflects the abolition of tort liability for BRB damages which is the heart of the MVRA. The sole issue at bar is whether the BRB liability of a negligent motorist, who has nevertheless complied with the Act, remains abolished when the injured party is uninsured. Logic suggests an affirmative answer, even though seeming inequities will undoubtedly arise. (Emphasis added.)

Pursuant to *Stone,* it is clear that Whitis' BRB liability to Holt as a negligent motorist is abolished by virtue of the provisions of the no-fault statute. Holt therefore possessed no right to recover, either from Whitis or from Shelter as Whitis' reparations obligor, the $1,956.41 which she incurred in medical expenses. Since Humana, as Holt's subrogee, acquired only those rights of recovery which Holt possessed, it follows that Humana possessed no subrogation rights to recover Holt's medical expenses from Whitis or Shelter, and that the court erred by concluding otherwise.

Humana acknowledges that the application of *Stone* precludes Holt from personally recovering her medical expenses, but argues that Humana is not so precluded by virtue of the provisions of KRS 304.39–310(2) and KRS 304.39–070. Specifically, Humana urges that KRS 304.39–310(2) provides that an uninsured driver, such as Holt, who fails to obtain the security required by KRS 304.-39–110 acquires all the "rights and obligations" of a reparations obligor, so that as Holt's subrogee, Humana succeeded to Holt's rights as a reparations obligor under the no-fault statute. According to Humana, those rights included a right to assert a statutory subrogation claim against Shelter pursuant to the provisions of KRS 304.39–070. We disagree.

Contrary to Humana's contention, although Holt may have acquired the "rights" of a reparations obligor . by virtue of the provisions of KRS 304.39–310(2), she clearly ·

did not acquire the statutory subrogation right conferred on reparations obligors by KRS 304.39–070. On the contrary, a reparations obligor who has paid BRB is subrogated only to the extent of the injured party's rights against the tortfeasor. *See* KRS 304.39–070(2). Because in her capacity as an injured party Holt acquired no right to recover BRB, and because subsection (2) of the statute limits a reparations obligor's right of recovery to that which is possessed by the injured party, Holt did not succeed to any right of recovery against Shelter in her capacity as a reparations obligor pursuant to KRS 304.39–070. It follows, therefore, that Humana likewise was not entitled to assert a statutory subrogation claim against Shelter.

For the reasons stated, the court's judgment is reversed and remanded with directions to dismiss Humana's intervening complaint.

All concur.