**RIVERSIDE INSURANCE COMPANY,**
Appellant,

v.

**Ezra McDOWELL, Jr., Individually and Ezra McDowell, Jr., as Administrator of the Estate of Kent Allen McDowell, Deceased, Appellees.**

Court of Appeals of Kentucky.

Jan. 5, 1979.

Charles E. Moore, Owensboro, for appellant.

Tommy W. Chandler, Providence, for appellees.

Before HOGGE, VANCE and WHITE, JJ.

VANCE, Judge.

The question is whether an insurer may recover from its insured benefits paid to the insured under a mistaken impression that such payments were required by law.

Kent Allen McDowell, infant child of appellant Ezra McDowell, Jr., was injured when struck by an automobile operated by Glenda Head. Mrs. Head's insurer, Meridian Mutual Insurance Company, paid basic reparation benefits for losses sustained by appellee in the amount of $10,000.00. The medical expenses quickly mounted to more than $20,000.00 and appellant, under the mistaken impression that Kentucky law imposed upon it an obligation to pay $10,000.00 in basic reparation benefits in addition to the $10,000.00 already paid by Meridian Mutual, made an additional payment of $10,000.00 to appellee and sought subrogation from Meridian Mutual.

Appellant then became aware that KRS 304.39–050(3) prohibits the recovery of basic reparation benefits from more than one obligor. It instituted this action to recover the money mistakenly paid to appellee.

The case was submitted for judgment upon the stipulated facts, and the trial court dismissed the complaint. We reverse.

Although some jurisdictions hold that payments voluntarily made by an insurer under a mistake of law or fact cannot be recovered because the insurer is deemed to have assumed the risk of payment, the law is to the contrary in Kentucky. *Phoenix Indemnity Co. v. Steiden Stores,* Ky., 267 S.W.2d 733 (1954); *Supreme Council, Catholic Knights of America v. Fenwick,* 169 Ky. 269, 183 S.W. 906 (1916).

Appellee contends that the enactment of the "no-fault" insurance law renders the decisions in *Steiden* and *Fenwick* inapplicable. In the statement of policy and purpose, KRS 304.39–010, we find that the act was designed to promote prompt payment of claims and to reduce the need to resort to litigation. We see nothing in the act which mandates or even suggests a reversal of the policy established in this state by the decisions in *Steiden* and *Fenwick.*

We find no basis upon which appellant can be estopped to maintain its claim. The elements of equitable estoppel are outlined in *Smith v. Howard,* Ky., 407 S.W.2d 139 (1966) and *Electric and W. P. Board of Frankfort v. Suburban A. D., Inc.,* Ky., 513 S.W.2d 489 (1974).

In this case there was no misrepresentation by appellant or lack of awareness by appellee of the real facts and no action by appellee in reliance upon representations of appellant which changed appellee's position to his prejudice.

The appellee has received from appellant $10,000.00 which he had no legal right to collect and which was paid as a result of a mistake as to the law. There is no contention that the payment was in compromise of a disputed claim. The appellant is entitled to recover from appellee the payments it mistakenly made to appellee for basic reparation benefits.

The judgment is reversed with direction that a new judgment be entered in conformity with this opinion.

All concur.