**AFFILIATED FM INSURANCE COMPANIES, Appellant,**

v.

**GRANGE MUTUAL CASUALTY COMPANY, Appellee.**

Court of Appeals of Kentucky.

Sept. 3, 1982.

Discretionary Review Denied
Nov. 17, 1982.

Gregory K. Jenkins, Ronald L. Green, Boehl, Stopher, Graves & Deindoerfer, Lexington, for appellant.

Leslie P. Patterson, Landrum, Patterson & Dickey, Lexington, for appellee.

Before COOPER, HOGGE and VANCE, JJ.

COOPER, Judge.

This is an appeal from a judgment for the appellee, plaintiff below, in an action to recover basic reparation benefits paid by a secondary insurance carrier to its named insured. At issue is whether the trial court acted correctly in determining there was no genuine issue as to any material fact, and the appellee was entitled to judgment as a matter of law. CR 56.03. On review, we affirm.

The facts relative to this action are as follows: In August of 1978, James Caldwell sustained injuries while operating a motor vehicle leased by and operated on behalf of Square D, Inc., his employer. The latter carried automobile liability insurance with the appellant, Affiliated FM Insurance Companies, which provided the security covering the vehicle driven by Caldwell at the time of his injury. Additionally, Caldwell had an insurance contract with the appellee, Grange Mutual Casualty Company, for motor vehicle insurance pursuant to the Kentucky Motor Vehicle Reparations Act.

Subsequent to the accident, the appellant refused to pay basic reparation benefits to Caldwell. As the result, Caldwell made a claim against the appellee, which paid basic reparation benefits of $10,000 pursuant to KRS 304.39–050(1). Thereafter, pursuant to the same statute, the appellee filed this action seeking full reimbursement from the appellant.

The appellant then moved to dismiss the action, alleging that it was barred by the exclusive remedy provisions of KRS 304.39–070(3). The trial court overruled this motion. It ruled that KRS 304.39–070(3) provides a mechanism for reimbursement "based solely on the law of torts" as set forth in KRS 304.39–290, and the action instituted by the appellee was based on a claim of statutory priority. The appellee then filed a request for admissions and, based upon the appellant's responses, moved for judgment of $10,000 on the pleadings.

The trial court granted such motion. It is from such judgment that the appellant now appeals.

Although the judgment is styled as one on the pleadings, it is, in fact, a summary judgment given the fact that the trial court considered not only the pleadings, but the appellant's response to some eleven requests for admissions. CR 56.03. As such, the standard of review is whether the trial court erred in determining there was no genuine issue as to any material fact, and the appellee was entitled to judgment as a matter of law. Reviewing the record below, we find no error on the trial court's part.

KRS 304.39–050(1) states as follows:
(1) The basic reparation insurance applicable to bodily injury to which this subtitle applies is the security covering the vehicle occupied by the injured person at the time of the accident or, if the injured person is a pedestrian, the security covering the vehicle which struck such pedestrian. If the reparation obligor providing such insurance fails to make payment for loss within thirty (30) days after receipt of reasonable proof of the fact and the amount of loss sustained, the injured person shall be entitled to payment under any contract of basic reparation insurance under which he is a basic reparation insured and the insurer making such payments shall be entitled to full reimbursement from the reparation obligor providing the security covering the vehicle . . .

Here, the appellant admitted that it provided motor vehicle insurance on the vehicle driven by Caldwell at the time of his injury. In effect, it was a primary insurance carrier. Therefore, under the language of the statute, it had the primary responsibility to provide basic reparation benefits to its insured.

The appellant's argument that the instant action is barred by virtue of KRS 304.39–070(3) is misplaced. That section of the No-Fault Act " . . . creates a separate right of recovery in the basic reparation obligor, and the purpose of the statute is to allocate, still under a fault concept, the

ultimate responsibility for the benefits paid to the injured parties." *Ohio Security Ins. Co. v. Drury,* Ky.App., 582 S.W.2d 64, 67 (1979). In other words, KRS 304.39–070(3), which requires either intervention or arbitration on the part of the basic reparation obligor, attempts to provide a mechanism for reimbursement of losses paid as basic reparation benefits based solely on the law of torts. *See* KRS 304.39–290(1).

Here, the appellee's claim for reimbursement was not based upon fault or the law of torts, but rather on statutory priority. KRS 304.39–050 sets forth a remedy as well as a right. We do not construe the statute as limiting a reparation obligor's right to full reimbursement to situations in which it has either intervened or submitted its claim to arbitration under the guidelines set forth in KRS 304.39–070(3). Intervention may be impossible if—as is the instant case—no separate action has been filed. And, if the insurer were required to submit its claim for reimbursement to the arbitration procedures set forth in KRS 304.39–070(3), it would not obtain *full* reimbursement given the minimum deductible requirement set forth in KRS 304.39–290. Accordingly, the trial court acted correctly in ruling that the appellee's claim was not barred by the provisions of KRS 304.39–070(3). *Cf. Riverside Insurance Co. v. McDowell,* Ky.App., 576 S.W.2d 268 (1979).

Secondly, the appellant argues that the appellee's claim is barred by virtue of KRS 342.690(1) in that the appellant provided both worker's compensation coverage and no-fault coverage to Caldwell. Again, we reject such argument. In *United States Fidelity & Guaranty Co. v. Smith,* Ky., 580 S.W.2d 216 (1979), the Supreme Court of Kentucky held, by implication, that an injured party is not precluded from receiving no-fault benefits simply because he is collecting worker's compensation benefits from the same carrier. Although it is unclear whether the exclusive remedy argument was considered by the *Smith* Court, it is apparent that the Court recognized the right of an insured party to recover separate benefits for different elements of loss.

Here, different elements of loss were involved. Consequently, the appellant was liable not only for worker's compensation benefits, but for reimbursement to the appellee given its primary responsibility to provide basic reparation benefits under KRS 304.39–050.

The judgment of the trial court is affirmed.

All concur.