775 F.2d 774
 EMPLOYERS INSURANCE OF WAUSAU, a Mutual Company,
Plaintiff-Appellant, Cross-Appellee,
v.
AUTO OWNERS INSURANCE COMPANY, Defendant-Appellee, Cross-Appellant,
Firestone Tire and Rubber Company, a Self-Insurer, Defendant
and Third Party Plaintiff-Appellee, Cross-Appellant,
Ann Arbor Tire Company, Third Party Defendant.
 Nos. 84-5928, 84-5937 and 84-5957.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 2, 1985.
Decided Nov. 4, 1985.
 
 J. David Cole (LEAD) (argued), David W. Anderson, Cole, Harned & Broderick, Bowling Green, Ky., for plaintiff-appellant, cross-appellee.
 Richard Roberts (argued), Whitlow, Roberts, Houston & Russell, Burke B. Terrell (argued), David Boswell (LEAD), Hardy, Terrell & Boswell, William B. Bryd, Paducah, Ky., for defendant-appellee, cross-appellant.
 Before MERRITT, BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 In this diversity insurance action under Kentucky law, Appellant/Cross-Appellee, Employer's Insurance of Wausau ("Wausau") asks that we interpret the Kentucky Financial Responsibility Law, K.R.S. 187.290 et seq., and Motor Vehicle Reparation Act, K.R.S. 304.39-010 et seq., to impose a duty of indemnity on Firestone Tire, a self-insurer whose vehicle was driven by someone else. Wausau, as Cross-Appellee against Auto Owners Insurance Company, also asks us to find that the transaction in which the vehicle was made available to Wausau's insured was a "loan," not a "lease," and thus not excluded from coverage and, therefore contribution, by the terms of the "hired automobile endorsement" contained in Auto Owners' policy covering Appellee, Ann Arbor Tire. For the reasons set out below we decline to so hold, affirming the District Court as to the first issue and reversing as to the second.
 
 I.
 
 2
 This case involves a custom tire-servicing truck designed for use on construction sites. The truck was owned by Firestone and leased to a Firestone distributor, Ann Arbor Tire, with the understanding that it would be used to install and service Firestone tires on the construction site of an Ann Arbor customer, a joint venture of Holloway Construction and Holloway Sand and Gravel. This was done. While being operated by an employee of the joint venture, the truck collided with an auto driven by Bradley Dixon, leaving him severely injured. The joint venture's insurer, Wausau, settled the claim and filed suit in federal district court for the Western District of Kentucky for contribution and indemnity against Firestone, Auto Owners, and Ann Arbor Tire. The District Court found no basis for liability on the part of Firestone. In applying the hired automobile endorsement of Auto Owners' policy covering Ann Arbor, however, the court characterized the transaction between Ann Arbor and the Holloway joint venture as a "loan" rather than a "lease," so that the truck was not excluded from coverage by the endorsement. Accordingly, Auto Owners was ordered to pay one-half of the settlement amount.
 
 II.
 A. The Self-Insurance Issue
 
 3
 Wausau maintains that the Kentucky statutes cited supra impose a primary duty of indemnity on Firestone as owner of the truck. We disagree. The primary purpose of the Kentucky statutory scheme is the protection of the travelling public. See K.R.S. 304.39-010. See also Note, Kentucky No-Fault: An Analysis and Interpretation, 65 Ky.L.J. 466, 473-74 (1976). The statute defines the required "security covering the vehicle" as "insurance or other security" consisting of "a contract, self-insurance, or other legal means" of securing benefits. Self insurance consists of certifying to the state:
 
 
 4
 (a) A continuing undertaking by the owner or other appropriate person to pay tort liabilities or basic reparation benefits, or both
 
 
 5
 * * *
 
 
 6
 * * *
 
 
 7
 (b) Evidence that appropriate provision exists for prompt and efficient administration of all claims, benefits, and obligations provided by this subtitle; and
 
 
 8
 (c) Evidence that reliable financial arrangements exist providing assurance, substantially equivalent to that afforded by a policy of insurance, complying with this subtitle, for payment of tort liabilities, basic reparation benefits, and all other obligations imposed by this subtitle.
 
 
 9
 K.R.S. 304.39-080.
 
 
 10
 We find no support in the Kentucky statutory scheme for Wausau's contention that Firestone, as a self-insurer, is primarily liable for costs arising out of accidents involving its vehicle.[1] The Kentucky scheme is designed to provide assurance of a vehicle owner's ability to satisfy judgments against him or her. In this case there was no judgment against Firestone, nor did Wausau show any reason why Firestone might have been liable in contract or tort. We see no reason to infer that Kentucky intended to afford the insurer of a vehicle's driver the right to proceed against that vehicle's owner in the absence of some sort of contractual or tort liability. Accordingly, the District Court's decision on this point is affirmed.
 
 B. The Truck Lease/Loan
 
 11
 Ann Arbor Tire's insurance policy with Auto Owners carried a "hired automobile endorsement" which provided that:
 
 
 12
 The definition of "Insured" in the policy applies to the insurance afforded under this endorsement, except to the owner or any lessee, other than the named insured, of the hired automobile, or to any agent or employee of such owner or lessee.
 
 
 13
 The District Court held that this provision excluded coverage if the vehicle had been "leased" to the Holloway venture, but not if the vehicle had been "loaned." After scrutinizing the transaction, the District Court found that it was a "loan" rather than a lease because it lacked mutuality of obligation, and hence was covered under the Auto-Owners policy. Upon examination we find that this distinction is illusory, and that the transaction was a lease.[2]
 
 
 14
 The agreement between Ann Arbor and the Holloway venture was a sales tool, in which Ann Arbor made the truck available in exchange for the lucrative right to fill Holloway's tire needs. Ann Arbor clearly benefited from this arrangement, as did Holloway. That the contract was terminable at will makes it no less a contract, notwithstanding the District Court's finding of insufficient mutuality of obligation. See Restatement (Second) of Contracts, Sec. 79. Thus Holloway was a "lessee" of the truck within the meaning of the clause in question and was expressly excluded from coverage as an "insured." Wausau cannot recover contribution from Ann Arbor's insurer on the theory that the latter provided dual or concurrent coverage for Holloway too under Ann Arbor's policy. Accordingly, the District Court's judgment against Auto Owners is reversed. The judgment in favor of Firestone is affirmed. Costs are taxed against Wausau.
 
 
 
 [1]
 The courts of Kentucky have not dealt with this question
 
 
 [2]
 The trial court's characterization is a conclusion of law and hence freely reviewable by the Court of Appeals. Weimer v. Kurz-Kasch, 773 F.2d 669 (6th Cir., 1985). The "clearly erroneous" standard does not apply