Michael D. PRAETE, Movant,

v.

COMMONWEALTH of
Kentucky, Respondent.

Jon T. EMNETT, Movant,

v.

COMMONWEALTH of
Kentucky, Respondent.

Court of Appeals of Kentucky.

Jan. 9, 1987.

Phil Allan Bertram, Bertram & Cox, Campbellsville, for movant Michael D. Praete.

Jim M. Alexander, Alexander & Schreiner, Lexington, for movant Jon T. Emnett.

David L. Armstrong, Atty. Gen., Kay Winebrenner, Asst. Atty. Gen., Frankfort, for respondent Com.

Before CLAYTON, HAYES and WILHOIT, JJ.

WILHOIT, Judge.

These two cases are before the Court on discretionary review from an opinion and order of the Fayette Circuit Court and of the Taylor Circuit Court which affirmed orders of the respective district courts. The only question presented is whether KRS 189A.070 is unconstitutional.

Section (1) of KRS 189A.070 provides that if a person 18 years of age or older is convicted of operating a motor vehicle while under the influence of alcohol or other impairing substance, that person's driver's license shall be revoked for six months for the first offense, 12 months for the second, and 24 months for subsequent offenses. Section (2) of the statute provides that if a person under the age of eighteen is convicted of such an offense, his driver's license shall be revoked until he reaches the age of 18 or for the period of time set out in Section (1), whichever is longer.

The movants contend that the statute's disparate treatment of drivers under the age of 18 and those over that age offends both the Constitution of the United States and the Constitution of Kentucky. They maintain that the equal protection guarantee of the Fourteenth Amendment to the United States Constitution is violated because the statute has created a "suspect classification" (drivers who have not yet reached the age of majority), which requires strict scrutiny by the courts, and that there is no rational basis for not imposing the same penalty upon all drivers who are under the legal age for drinking

(21), rather than singling out those who are under 18 for potentially harsher treatment.

■ We do not believe that automobile drivers under the age of 18 constitute a suspect class for purposes of equal protection analysis. *See Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); hence, we must consider only whether the statute's treatment of those under 18 is so unrelated to the achievement of any legitimate purpose that we can only conclude that the legislature's actions were irrational. *See Vance v. Bradley,* 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979).

■ The opinion of Judge Angelucci of the Fayette Circuit Court points out as well as could we why the statute does not fail the "rational basis test." That opinion held as follows:

> While it is true that individuals between the ages of eighteen and twenty-one cannot legally purchase alcoholic beverages in Kentucky, under KRS 2.015 they are deemed to be adults for all other purposes unless they are handicapped. Those between the ages of sixteen and eighteen, on the other hand, are still deemed to be minors and the legislature may reasonably regard them as a class requiring closer supervision than those over the age of eighteen. More importantly, the legislature may properly decide that members of the general public are entitled to greater protection from those minors who have demonstrated a lack of maturity in both the consumption of alcohol and the operation of a motor vehicle upon the highways of the state.

For these same reasons the statute does not constitute special legislation in contravention of Section 59 of the Kentucky Constitution. The statute applies equally to all drivers who have not attained the age of majority, and as pointed out by Judge Angelucci, there are distinctive and natural reasons, based upon a consideration of maturity, or rather a lack thereof, for making such a classification. As also pointed out, the classification bears a reasonable relationship to the legislative purpose of protecting public safety. *See Schoo v. Rose,* Ky., 270 S.W.2d 940 (1954). Likewise, the statute does not violate Section 3 of the Kentucky Constitution. *See Markendorf v. Friedman,* 280 Ky. 484, 133 S.W.2d 516, 127 A.L.R. 416 (1939).

Finally, we do not believe that the statute contravenes the prohibition against cruel and unusual punishment found in the Eighth Amendment to the United States Constitution, or Section 17 of the Kentucky Constitution. For one thing, the penalty imposed upon those under 18 does not shock the conscience, neither is it greatly disproportionate to the offense, nor does it go beyond what is necessary to achieve the legislative intent. *See Workman v. Commonwealth,* Ky., 429 S.W.2d 374, 33 A.L.R.3d 326 (1968).

The judgments of the trial courts are affirmed.

All concur.