COMMONWEALTH *vs.* JAMES CROWELL
(and two consolidated cases[1]).

Barnstable. September 12, 1988. — November 10, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Motor Vehicle*, Operating under the influence, License to operate. *Due Process of Law*, Blood alcohol test, Plea, Presumption. *Evidence*, Presumptions, Blood alcohol test. *Constitutional Law*, Separation of powers.

The procedures set forth in G. L. c. 90, § 24N, mandating the suspension of a defendant's motor vehicle operator's license at his arraignment on a charge of operating a motor vehicle while under the influence of intoxicating liquor, in circumstances where the prosecution makes a prima facie showing that the defendant had a blood alcohol concentration of .10 per cent or greater while so operating, provide a defendant adequate procedural due process protections and do not infringe any other constitutionally protected right. [385, 386-388]

A person arrested on a charge of operating a motor vehicle while under the influence of intoxicating liquor has no due process right to be informed by police officers that, if he attempts and fails a breathalyzer test, G. L. c. 90, § 24N, requires that his operator's license be suspended upon arraignment. [386]

A defendant whose motor vehicle operator's license is suspended as part of a criminal sentence upon conviction of operating while under the influence of intoxicating liquor is not entitled to credit for any period of suspension already imposed pursuant to G. L. c. 90, § 24N. [388]

COMPLAINTS received and sworn to in the Barnstable Division of the District Court Department on July 6, 1987, October 19, 1987, and February 8, 1988, respectively.

Questions of law were reported by *W. James O'Neill*, J. The cases were consolidated for review, and the Supreme Judicial Court on its own initiative transferred them from the Appeals Court.

---

[1] Commonwealth *vs.* Margaret Phillips. Commonwealth *vs.* Michael Bedard.

*Charles S. McLaughlin, Jr.*, for the defendants.

*Brian S. Glenny*, Assistant District Attorney, for the Commonwealth.

*James M. Shannon*, Attorney General, *& Stanley E. Adelman*, Special Assistant Attorney General, for the Secretary of Public Safety, amicus curiae, submitted a brief.

WILKINS, J. Before trial of these cases in a jury-of-six session in a District Court, a judge reported six questions of law to the Appeals Court. See Mass. R. Crim. P. 34, 378 Mass. 905 (1979); G. L. c. 218, § 27A (*d*) (1986 ed.). Each case involves a charge of operating a motor vehicle on a public way while under the influence of intoxicating liquor. G. L. c. 90, § 24 (1) (*a*) (1) (1986 ed.). After these cases had been consolidated for appellate review, we transferred them here. The questions are set forth in the margin.[2] On the facts presented and arguments advanced, we answer each in favor of the Commonwealth's position.

The questions concern the constitutionality or interpretation of G. L. c. 90, § 24N. Section 24N, inserted as part of the Safe Roads Act of 1986 (see St. 1986, c. 620, § 17), provides

---

[2] "1. Whether the provisions of Massachusetts General Laws, Chapter 90, Section 24N provide the Defendant with adequate procedural due process protection?

"2. Whether the provisions of Massachusetts General Laws, Chapter 90, Section 24N deny the defendant substantive due process right to the presumption of innocence?

"3. Whether the provisions of Massachusetts General Laws, Chapter 90, Section 24N in practice deny the defendant his substantive due process right to a trial by jury because of undue pressure imposed upon the defendant to dispose of his case without a trial for the sole purpose of regaining his driving privileges?

"4. Whether the defendant, if found guilty, is entitled to credit for the period of suspension pursuant to Chapter 90, Section 24N imposed on the defendant?

"5. Whether the defendant is entitled to a dismissal of his case where the police failed to inform the defendant that his license would be suspended for up to ninety (90) days if he submitted to a breathalizer exam and received a reading of .10 or above?

"6. Whether, in the context of question 5, in lieu of dismissal, the defendant is entitled to have the results of the breathalizer excluded from evidence?"

We answer question one "yes," and all the rest "no."

that if, at arraignment on a charge of operating a motor vehicle while under the influence of intoxicating liquor, the Commonwealth makes a prima facie showing that the defendant had a blood alcohol concentration of .10 per cent or greater while operating the motor vehicle, the judge shall suspend the defendant's license to operate for ninety days unless the case is disposed of sooner.

The circumstances of the three cases are substantially the same for our purposes. Each defendant was arrested for operating a motor vehicle while under the influence of alcohol, advised of his or her right "to take a breathalyzer," and told that, if he or she did not take the test, his or her license would be suspended for 120 days. See G. L. c. 90, § 24 (1) (*f*) (1986 ed.). The police did not tell any of them that, if the test result were .10 or greater, his or her license would be suspended on arraignment for up to ninety days. The police did tell each of them of his or her right to a blood test, and no defendant elected to have one. Each defendant recorded breathalyzer test results substantially in excess of .10. On arraignment the judge, following the mandate of § 24N, immediately suspended each defendant's license to operate a motor vehicle.

The same attorney represented each defendant and raised various questions concerning the constitutionality and interpretation of § 24N. The judge accordingly reported the questions that are before us.

We summarize our conclusions which are, as we have said, based on the record and made in response to arguments advanced. (1) Section 24N provides a defendant adequate procedural due process protection (question one). (2) The operation of § 24N does not deny a defendant his substantive due process right to the presumption of innocence (question two). (3) Question three concerns a claim that, in practice, § 24N unlawfully coerces a defendant to plead guilty in order to get his license back sooner than he would if he waited for a trial and were found guilty. No defendant has pleaded guilty. The issue was not before the judge below. We shall nevertheless discuss the question, and answer it as a facial challenge to the procedures set forth in § 24N. (4) Question four also presents a question

that was not before the judge. No defendant has been convicted, and thus these cases do not now present the question whether, at the time of his sentencing pursuant to § 24D, a defendant is entitled to credit for the period his license was suspended under § 24N. The Appeals Court recently has answered this question contrary to the defendants' argument. *Commonwealth* v. *Callen*, 26 Mass. App. Ct. 920 (1988). We agree with the Appeals Court and shall answer question four in the negative. (5 and 6). Because we reject the argument that the police must inform a defendant that, if he fails the breathalyzer examination, he will lose his license for up to ninety days at his arraignment, the defendants are not entitled to dismissal of the charges (question five) or to exclusion of the test results from evidence (question six).

Before we discuss the individual questions, we shall outline procedures set forth in G. L. c. 90 concerning breathalyzers. Under § 24 (1) (*f*), any person who operates a motor vehicle on a public way or in a place to which the public has access is deemed to have consented to a chemical test or analysis of his breath (or blood) if he is arrested for operating a motor vehicle while under the influence of intoxicating liquor. If such a person refuses to submit to such a test or analysis, after having been informed that if he refuses his license to operate a motor vehicle in the Commonwealth shall be suspended for 120 days, the police notify the Registrar of Motor Vehicles who then suspends the license. A person whose license has been suspended is entitled to a hearing before the Registrar. G. L. c. 90, § 24 (1) (*g*) (1986 ed.). The Supreme Court of the United States upheld that procedure against a facial attack grounded on a claim that suspension of a license before any hearing is held violates the due process clause of the Fourteenth Amendment. *Mackey* v. *Montrym*, 443 U.S. 1 (1979).

Here each defendant chose to submit to a breathalyzer test and, as noted, failed it. When a complaint for operating a motor vehicle under the influence of intoxicating liquor has been issued, the judge must suspend the defendant's license immediately if the prosecution makes a prima facie showing at his arraignment that, while the defendant was operating the

motor vehicle, the percentage, by weight, of alcohol in his blood was .10 or more as shown by chemical test or analysis of his breath (or blood) based on a certification or oral testimony by the person administering the test. On such a showing, the judge must take possession of the defendant's license and the license remains suspended for ninety days or until disposition of the charge against the defendant, whichever first occurs. § 24N. Such a person has a right within ten days of the suspension to request a hearing which is to be limited to the question whether any blood test that had been administered pursuant to § 24 (1) (*e*) within a reasonable time after the breathalyzer test showed that the defendant's blood alcohol level was less than .10. If so, the judge must restore the defendant's license.

1. We reject the defendants' claim that they were denied procedural due process of law when their licenses were suspended on the prima facie showings made at their arraignments. The Supreme Court's determination in *Mackey* v. *Montrym*, *supra*, substantially disposes of this claim. We apply the test prescribed in *Mathews* v. *Eldridge*, 424 U.S. 319, 335 (1976), as did the Supreme Court in its *Mackey* opinion (443 U.S. at 10), and conclude that it is met. In these cases the risk of an erroneous deprivation of a property interest is substantially less than in the *Mackey* case. Under § 24N a judge makes the determination of intoxication in open court on the basis of an objective chemical analysis supported by substantial documentation.

The defendants argue that they are not permitted any presuspension chance to rebut the prosecutor's prima facie case. We shall assume that a right to a hearing, in addition to the hearing available within ten days to present blood test results contradicting the breathalyzer test, is constitutionally provided. But see *Commonwealth* v. *Neal*, 392 Mass. 1, 8 (1984). Section 24N does not prohibit rebuttal of the prima facie showing made at arraignment, and, in any event, no defendant has shown that he or she had evidence that he or she would have presented at arraignment to challenge that showing.[3]

---

[3] In a March, 1987, bulletin the Chief Justice of the District Court Department raised the question whether a defendant should be given an opportunity to rebut the prosecutor's prima facie showing and suggested that such an

To meet due process requirements the police need not tell a person arrested for operating a motor vehicle while under the influence of intoxicating liquor that, if he fails the breathalyzer test, his license to operate will be suspended for up to ninety days at arraignment. In its *Mackey* opinion, the Supreme Court did not treat the statutory notice requirement (concerning the failure to take a test) as essential to the validity of the process by which a license to operate would be lost before trial. Cf. *South Dakota* v. *Neville*, 459 U.S. 553, 564-566 (1983) (no due process violation in admitting the fact of defendant's refusal to take blood alcohol test in evidence, even though police did not warn defendant that his refusal could be used against him). A person could hardly contemplate that there would be no adverse consequences flowing from test results showing a significant blood alcohol level. No specific warning concerning those consequences is constitutionally required.

2. The second reported question asks whether § 24N denies a defendant his substantive due process right to the presumption of innocence. The defendants advance several arguments under the heading of substantive due process.

The reported question, however, may raise only the issue whether it is constitutionally permissible to suspend a driver's license at arraignment, as § 24N prescribes, and thus before a guilty finding. The procedures described in § 24N and the opportunity given to a defendant to rebut the Commonwealth's prima facie presentation are sufficient to protect a defendant's due process rights. See *Boyle* v. *Registrar of Motor Vehicles*, 368 Mass. 141, 143 (1975), relying on *Almeida* v. *Lucey*, 372 F. Supp. 109 (D. Mass.), aff'd, 419 U.S. 806 (1974). It

opportunity should be available, at least in certain circumstances. Bulletin No. 1-87 (March 23, 1987), p. 1. He added, "One way to proceed in a way that minimizes potential problems with the statute would be for defense counsel to routinely be asked at arraignment whether the defendant wishes to offer any rebuttal, to the prosecution's prima facie case. The answer will often be no. Offering the defense this opportunity will probably eliminate any appellate issue in a substantial number of cases. If the defense does seek to offer a rebuttal, the judge might preliminarily determine whether that rebuttal has a sufficient factual basis to overcome the Commonwealth's prima facie showing. If it does not, the matter would be at an end."

is not impermissible to deny certain substantial rights to a defendant prior to his conviction. The imposition of bail only on conditions limiting one's activities and the conditioning of the right to be released on bail only if a bond or cash is presented as security for a defendant's appearance at trial are examples of lawful preconviction restraints on a criminal defendant. The temporary loss of a driver's license is a substantially lesser burden than the loss of pretrial liberty. Thus, even if we treat a § 24N license suspension as a criminal procedure and not as a collateral civil administrative procedure, there is no denial of due process of law in suspending a driver's license before conviction.

The defendants seek to argue, under the judge's general substantive due process question, the entirely different and unasked question whether the judge's involvement in suspending a license at arraignment violates the separation of powers principles of art. 30 of the Declaration of Rights of the Constitution of the Commonwealth. The defendants rely on *Brach* v. *Chief Justice of the Dist. Court Dep't*, 386 Mass. 528 (1982), which concerned the rule making power of the Chief Justice of the District Court in the absence, as the court ruled, of any statutory or inherent power to act. Section 24N presents a different situation because it explicitly authorizes and directs a judge to act, in certain circumstances, to suspend a driver's license at arraignment. In doing so, a judge engages in a judicial and not in an executive function. See *id.* at 538.

The defendants' other substantive due process of law challenge of the constitutionality of § 24N lacks merit. Section 24N does not require a demonstration at arraignment that a defendant who failed a blood alcohol test operated the motor vehicle on a public way or in some other place described in G. L. c. 90, § 24 (1) (*a*) (1) (1986 ed.). The determination of probable cause, already made, that is inherent in the issuance of a complaint is sufficient to provide a basis for concluding at arraignment that the alleged crime was committed on such a way or in such other place.

3. The judge's third reported question raises what he describes as another substantive due process question. He asks

whether the operation of § 24N denies a defendant his right to a jury trial because of the pressure on a defendant to plead guilty for the sole purpose of regaining his driving privileges more quickly than he otherwise would. As we noted earlier in outlining the reported questions, no defendant in this case has pleaded guilty. The argument is that, particularly if no credit is given on sentencing to the period of suspension occurring at arraignment, defendants will be improperly pressured to plead guilty in order to end the suspension occurring at arraignment, leaving only the license suspension that will be imposed in conjunction with the sentence following the guilty plea. We do not assume improper coercion merely from the procedures prescribed by § 24N. The established procedures for taking a guilty plea in open court would be likely to uncover whether a defendant was pleading guilty under some undue pressure. See *Commonwealth* v. *Fernandes*, 390 Mass. 714, 716 (1984).

4. We have already indicated that we agree with the Appeals Court (see *Commonwealth* v. *Callen*, 26 Mass. App. Ct. 920 [1988]) that, at the time of sentencing under G. L. c. 90, § 24D, and the mandatory suspension of a driver's license for between forty-five and ninety days, the judge need not give credit for any period of suspension imposed under § 24N at arraignment. Each of these provisions is part of the Safe Roads Act of 1986. If the Legislature had intended that on conviction credit must be given to days of suspension under § 24N, it would have said so.

5 and 6. We have already indicated that the police do not have to advise a person arrested for driving under the influence of intoxicating liquor of the consequences that will follow at arraignment if he fails a blood alcohol test.

7. We answer question one in the affirmative and the remaining reported questions in the negative. We remand the cases to the District Court for further proceedings.

*So ordered.*