**COMMONWEALTH of Kentucky,
Movant,**

v.

**Wanda RAINES, Respondent.**

**No. 91–SC–653–CL.**

Supreme Court of Kentucky.

Feb. 18, 1993.

Chris Gorman, Atty. Gen., David A. Sexton, Asst. Atty. Gen., Perry T. Ryan, Asst. Atty. Gen., Criminal Appellate Div., Frankfort, Michael E. Conliffe, Jefferson County Atty., Louisville, for movant.

Robert A. Riley, Asst. Public Advocate, La Grange, Edward C. Monahan, Asst.

Public Advocate, Frankfort, for respondent.

### CERTIFICATION OF THE LAW

The Commonwealth, movant, requests certification of the law as to the constitutionality of the pretrial license suspension provisions of KRS Chapter 189A. The constitutional challenges arise from the following portions of the statute:

**189A.200.** Pretrial suspension of license for refusal to take test, for persons under twenty-one, and for repeat offenders—Hearing—Length of suspension.— (1) In addition to the pretrial suspension of a motor vehicle operator's license authorized by KRS 189A.060, the court shall at the arraignment or as soon as such relevant information becomes available suspend the motor vehicle operator's license and motorcycle operator's license and driving privileges of any person charged with a violation of KRS 189A.010 who:

(a) Has refused to take an alcohol concentration or substance test as reflected on the uniform citation form;

(b) Is under the age of twenty-one (21) years, and has not refused to take an alcohol concentration or substance test as reflected on the uniform citation form; or

(c) Has been convicted of one (1) or more prior offenses as described in KRS 189A.010(4)(e) or has had his operator's license revoked or suspended on one (1) or more occasions for refusing to take an alcohol concentration or substance test, in the five (5) year period immediately preceding his arrest.

(2) Persons whose licenses have been suspended pursuant to this section may file a motion for judicial review of the suspension, and the court shall conduct the review in accordance with this chapter within thirty (30) days after the filing of the motion. The court shall, at the time of the suspension, advise the defendant of his rights to the review.

Wanda Raines, respondent, was charged on July 1, 1991, with driving under the influence in violation of KRS 189A.010.

When she was arraigned in Jefferson District Court on July 1, 1991, the Commonwealth moved to amend the complaint to driving under the influence, second offense. The prosecution requested entry of a mandatory pretrial suspension of respondent's operator's license pursuant to KRS 189A.200(1). The district court denied the Commonwealth's motion and declared the provisions of KRS 189A, which authorize the pretrial suspension of a motor vehicle operator's license, unconstitutional as being violative of the principles of procedural and substantive due process guaranteed by the United States and Kentucky Constitutions, and further held the statute was violative of the separation of powers doctrine of the Kentucky Constitution.

The Commonwealth seeks certification with respect to the following questions:

1. Whether the mandatory pretrial motor vehicle operator's license suspension provisions of KRS Chapter 189A are unconstitutional as a violation of procedural or substantive due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Sections 10 and 11 of the Constitution of Kentucky.

2. Whether the mandatory pretrial motor vehicle operator's license suspension provisions of KRS Chapter 189A are unconstitutional as a violation of the principle of separation of powers as provided by Sections 27 and 28 of the Constitution of Kentucky.

The Commonwealth argues that the district court erred in finding that the pretrial license suspension provisions of KRS 189A violate the principles of due process of law and that such a ruling clearly frustrates the intent of the legislature to restrict drunk drivers by suspending their licenses pending resolution of their drunk driving charge. The Commonwealth maintains that the statutory suspension provisions are not constitutionally flawed and, in essence, do not violate either procedural or substantive constitutional due process protections.

■ Initially, review of this statute requires that a heightened attention be di-

rected upon KRS 189A.200(1)(b). This section mandates pretrial suspension of an operator's license when the accused individual is under the age of twenty-one (21). No rational argument is shown to exist for this classification. Such a classification, based on this age, is manifestly unreasonable and arbitrary. Therefore, it violates both state and federal equal protection guarantees. *Withers v. Board of Drainage Comm'r of Webster County*, 270 Ky. 732, 110 S.W.2d 664 (1937). *Praete v. Commonwealth*, Ky.App., 722 S.W.2d 602 (1987) is clearly distinguished. We hold KRS 189A.200(1)(b) is violative of the Fourteenth Amendment of the United States Constitution and Section 59 of the Kentucky Constitution. This statutory provision is an arbitrary classification based on this age and is manifestly unreasonable.

■ As to the remaining sections of KRS 189A.200, it is clear that the due process clause of the Fourteenth Amendment to the United States Constitution applies to the deprivation of a driver's license by the state. *See Dixon v. Love*, 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977); *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). In *Bell v. Burson*, *id.*, it was determined that the suspension of an issued driver's license involves state action which adjudicates important interests of the licensees and, therefore, such license may not be taken away without procedural due process as required by the Fourteenth Amendment. The Supreme Court has held that even though a protectable property interest is present, it must still be determined what process is due to protect against an erroneous deprivation of that interest. *See Mackey v. Montrym*, 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979).

■ Resolution of this inquiry requires consideration of the following factors:

(i) The nature and weight of the private interest that will be affected by the official action challenged;

(ii) The risk of an erroneous deprivation of such interest as a consequence of the summary procedures used; and

(iii) The governmental function involved and the state interests served by such procedures, as well as the administrative and fiscal burden, if any, that would result from the additional or substituted procedures sought. *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

This three-prong analysis, set forth by the United States Supreme Court in *Matthews*, has been incorporated into Kentucky jurisprudence through the case of *Division of Driver Licensing v. Bergman*, Ky., 740 S.W.2d 948 (1987).

■ Both *Dixon* and *Mackey* involved the suspension of drivers' licenses for serious traffic offenses, and the court, after applying this balancing test, concluded that the compelling public interest in highway safety justified the state in authorizing a summary suspension of licenses pending the outcome of a postsuspension hearing. In both cases, the court announced that such summary suspensions of licenses without a presuspension hearing did not violate the due process clause. Herein the rationale and holdings of *Dixon* and *Mackey* clearly should apply in this case. The suspension of a driver's license by the Commonwealth implicates a property interest protectable under the due process clause of the Fourteenth Amendment.

■ The remaining question with regards to the statute, excluding Subsection (b), is what process is due. We find that although the private interest in possessing a driver's license is high, the state has a compelling interest in removing drunk drivers from its highways. Furthermore, the risk of erroneous deprivation of a driver's license under KRS 189A.200 is low. Any prior offenses, as described in KRS 189A.200(1)(c), or any refusal to submit to a test as described in KRS 189A.200(1)(a), may be fairly determined by prima facie evidence produced by the prosecution. While KRS 189A.200 does not state a standard by which the trier of fact must determine that one of the factors exists warranting a pretrial suspension, the prosecution must present some evidence of the factor in order to satisfy minimal due process requirements. Merely stating that the de-

fendant has prior offenses under this section is insufficient. Inherent in the statute, the trier of fact must find prima facie evidence that the factor exists. A judge, in other words, goes beyond a ministerial act and, at least, adjudicates that there is a sufficient evidentiary basis. Thus, under the *Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) analysis, the pretrial suspension of an operator's license, KRS 189A.200, does not violate the due process guarantees in the Fourteenth Amendment of the United States Constitution and Sections 10 and 11 of the Kentucky Constitution.

It is paramount to this decision that under KRS Chapter 189A, the impact of the deprivation of the driver's property interest in his license is lessened by the fact that a person whose license has been suspended may, as a matter of right, seek judicial review of the suspension within 30 days. KRS 189A.200(2). We note that other states have held that there is no due process violation if the legislation authorizing the suspension of a driver's license provides for a postsuspension hearing. Both the New York and Massachusetts statutes authorizing pretrial suspension of a driver's license were held to be constitutional on the grounds that judicial review of the suspension was required upon request of the movant. *Application of Ventura*, 108 Misc.2d 281, 437 N.Y.S.2d 538 (1981), and *Commonwealth v. Crowell*, 403 Mass. 381, 529 N.E.2d 1339 (1988). This postdeprivation judicial review is sufficient due process to uphold KRS 189A.200.

In sum, we conclude the provisions of KRS Chapter 189A which provide for a summary pretrial suspension of a motor vehicle operator's license do not violate the procedural or substantive due process requirements of the Fourteenth Amendment to the United States Constitution or of Sections 10 and 11 of the Kentucky Constitution.

■ Secondly, the Commonwealth maintains that the trial court erred in concluding that the pretrial license suspension provisions of KRS Chapter 189A violated the doctrine of separation of powers as provided by Sections 27 and 28 of the Kentucky Constitution. Jefferson District Court found that the ability of the judiciary to suspend drivers' licenses under the statute unconstitutionally usurps the vested power of the executive branch of government to control the issuance, possession, use and revocation of such licenses.

■ It is settled in the state of Kentucky that one branch of Kentucky's tripartite government may not encroach upon the inherent powers granted to any other branch. *Smothers v. Lewis*, Ky., 672 S.W.2d 62 (1984); *L.R.C. v. Brown*, Ky., 664 S.W.2d 907 (1984). The Constitution of Kentucky, Section 28, states explicitly that: "No person or collection of persons, being of one of those departments, shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted."

■ Nothing appears in the Constitution of Kentucky that gives the executive branch of government the exclusive authority to control the issuance, possession, use and revocation of drivers' licenses in this state. KRS 186.400 does grant the Transportation Cabinet, an executive agency, authority to administer the laws and to prescribe regulations with respect to motor vehicle operators' licenses. The legislature, by KRS 189A.200, directs the courts, including district courts, to suspend operators' licenses under finding certain enumerated conditions. It is recognized that a statute may confer upon courts the duty to administer certain types of laws but not the right to legislate. *L.R.C. v. Brown, supra; Campbell v. Commonwealth*, 229 Ky. 264, 17 S.W.2d 227 (1929). Therefore, while the General Assembly cannot delegate the exercise of its discretion as to what the law shall be, it can, however, establish standards for administration and delegate the authority to implement and administer a law. *See L.R.C. v. Brown, supra; Holsclaw v. Stephens*, Ky., 507 S.W.2d 462 (1974); *Sturgill v. Beard*, Ky., 303 S.W.2d 908 (1957). A legislative delegation of discretion is not unlawful if sufficient standards controlling the exercise of such discretion are found in the statute and

if certain other relevant considerations are satisfied, such as procedural safeguards and the right of the delegating authority to withdraw the delegation. *Holsclaw*, Ky., 507 S.W.2d 462.

Based on the foregoing, we see nothing in the Kentucky Constitution or otherwise, that prevents the administration of traffic laws, including the suspension of operators' licenses, from being lawfully delegated to the courts. This delegation is consistent with the separation of powers policy enunciated in *Legislative Research Com'n v. Brown*, Ky., 664 S.W.2d 907 (1984). The delegation requires the finder of fact, in a pretrial suspension hearing, to make a prima facie determination of the existence of the necessary factors under KRS 189A.200(1). With full knowledge of the holding in *Musselman v. Commonwealth*, Ky., 705 S.W.2d 476 (1986) and *Commonwealth v. Foley*, Ky., 798 S.W.2d 947 (1990), we find there is a basic judicial determination inherent in finding sufficient evidence to warrant a pretrial suspension under the factors enumerated in KRS 189A.200(1). The statute does not impose a purely executive function on the judiciary. Accordingly, we conclude that the provisions of KRS Chapter 189A which allow for the pretrial suspension of drivers' licenses, do not unlawfully delegate executive power to the judiciary or violate, in any way, the doctrine of separation of powers provided for in Sections 27 and 28 of the Kentucky Constitution.

The law is so certified.

All concur.