COMMONWEALTH of Kentucky and Commonwealth of Kentucky, Transportation Cabinet, Amicus Curiae, Appellants,

v.

Myren E. HOWARD, Appellee.

Heard With, Gregory VAUGHN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Nos. 97–SC–764–TG, 98–SC–06–TG.

Supreme Court of Kentucky.

June 18, 1998.

A.B. Chandler, III, Attorney General, Janet M. Graham, Assistant Attorney General, Dana M. Todd, Assistant Attorney General, Frankfort, for appellant/appellee, Commonwealth of Kentucky.

James R. Cox, Mary R. Harville, Reed, Weitkamp, Schell, Cox & Vice, Louisville, for Amicus Curiae.

Henry E. Hayden, Owensboro, for appellee Howard.

Douglas G. Benge, Jensen & Benge, London, for appellant Vaughn.

WINTERSHEIMER, Justice.

These two consolidated cases were argued before the Court on the same day and involve the same issue. The Court, therefore, will resolve both cases in this single opinion.

### Case No. 97–SC–764–TG

Howard's appeal comes before this Court on a motion to transfer from the Kentucky Court of Appeals. The Daviess Circuit Court affirmed a decision of the Daviess District Court which struck down the juvenile DUI statute, KRS 189A.010(1)(e), as a violation of the equal protection guarantees of both the federal and state constitutions. The Court of Appeals granted discretionary review but refused to transfer. On a motion for transfer, this Court granted transfer.

The issue before this Court is whether KRS 189A.010(1)(e) is constitutional.

On November 29, 1996, Howard was 18 years of age and was tested by a state trooper with an intoxilyzer and showed a 0.032 blood alcohol level. Consequently, he was charged with a violation of the statute. KRS 189A.010(1)(e) states:

> A person shall not operate or be in physical control of a motor vehicle anywhere in this state ... while the alcohol concentration in his blood or breath is 0.02 or more based on the definition of the alcohol concentration in KRS 189A.005 if the person is under the age of twenty-one.

In district court, Howard challenged the constitutionality of the statute on the basis that it created a suspect class for those adults above 18 years of age, of which he was a member, and therefore violated his right to equal protection under the law. Both the district judge and the circuit judge were convinced that the statute did create a suspect class based solely on age without any other rational basis and therefore could not uphold the statute even if the interests, zero tolerance for underage drinkers it sought to protect, was indeed noble. The decision was based primarily on *Praete v. Commonwealth,* Ky.App., 722 S.W.2d 602 (1987) and *Commonwealth v. Raines,* Ky., 847 S.W.2d 724 (1993).

▆ KRS 189A.010(1)(e) does not violate the equal protection clause of the United States Constitution or Sections 1, 2 and 3 of the Kentucky Constitution that reflect the equal protection provisions of the Fourteenth Amendment to the United States Constitution. *Commonwealth v. Smith, Ky.,* 875 S.W.2d 873 (1994). In addition, Section 59 of the Kentucky Constitution provides equal protection guarantees in the form of a prohibition of special legislation which is also not violated.

KRS 189A.010(1)(e) is sometimes known as the "Juvenile DUI Statute" or the "Zero Tolerance Law." It was enacted in 1996 and makes it a crime for anyone under the age of twenty-one to drive with a blood alcohol content of 0.02 percent or higher. The Zero Tolerance Statute is one of several provisions which was enacted in 1996 by the General Assembly. In addition, the General Assembly provided a graduated driver's licensing system in which a novice driver begins driving with a learner's permit at age sixteen and progresses to driving with certain restrictions. Full licensing, without restriction, is obtained at age eighteen. *See* KRS 186.440 et seq. Approximately 43 states, as well as the District of Columbia, have zero tolerance laws for drivers under the age of twenty-one. *See National Center for Statistics and Analysis,* National Highway Transportation Safety Administration, Traffic Safety Facts–Young Drivers (1996). The necessity for establishing a zero tolerance statute and the graduated driver's licensing program comes at least in part from the Alcohol Impaired Driving Countermeasures Act, 23 U.S.C.A. 410 (1991), which provides federal highway grants to those states that establish measures to combat drunk driving. *See* 23 U.S.C. 410(d)(7).

▆ It must be understood that driving an automobile is not a fundamental constitutional right, but a legitimately regulated privilege. *Cf. Division of Driver's Licensing v. Bergmann,* Ky., 740 S.W.2d 948 (1987). Thus, the review of this matter under a rational basis analysis is appropriate because the legislation in question does not infringe on a fundamental right, nor does it impact on a suspect class negatively. *Probus v. Sirles,* Ky.App., 569 S.W.2d 707 (1978), rejects the idea that statutes relating to motor vehicles necessarily implement the fundamental right to travel. In *Sirles, supra,* an uninsured automobile owner's suit was dismissed on the basis that he had not opted out of the provisions of the MVRA.

The United States Supreme Court used a rational basis analysis in *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976), in reviewing the constitutionality of a mandatory retirement age statute. The court stated that an equal protection analysis requires strict scrutiny of legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class. Unless a classification requires some form of heightened review because it jeopardizes the exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the equal protection clause of the federal constitution requires only that the classification rationally further a legitimate state interest. *Murgia, supra.*

■ Here, the statute does not violate the Fourteenth Amendment to the United States Constitution because it is rationally related to a legitimate state purpose. *Nordlinger v. Hahn*, 505 U.S. 1, 112 S.Ct. 2326, 120 L.Ed.2d 1 (1992). Under the rational basis test, a classification must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. *Heller v. Doe*, 509 U.S. 312, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993), citing *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 113 S.Ct. 2096, 124 L.Ed.2d 211 (1993).

Automobile drivers under the age of twenty-one do not constitute a suspect class. The U.S. Supreme Court defines a suspect class as one "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process." *San Antonio School District v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); *See also Heller, supra.* The U .S. Supreme Court cited examples of suspect classes such as alienage, ancestry and race. The class of automobile drivers under twenty-one does not qualify under such a category just as the class of drivers under eighteen did not constitute a suspect class in *Praete, supra. See*

*also Transportation Cabinet v. Feige*, Ky. App., 889 S.W.2d 52 (1994), which held that driver's license applicants with revoked out-of-state licenses because of DUI convictions are not a suspect class.

The statute does not operate to the disadvantage of a suspect class, and no fundamental right is unduly prejudiced. Consequently, a rational basis standard and not a strict scrutiny test must be used to assess the constitutionality of the statute. The statute furthers a legitimate state purpose and is therefore constitutional.

The U.S. Supreme Court used the rational basis test in a review of a challenge to the equal protection aspect of the involuntary commitment procedures of Kentucky in *Heller, supra.* In part, the Supreme Court noted that "rational basis review in equal protection analysis is not a license for courts to judge the wisdom, fairness or logic of the legislative choices." Quoting *Beach Communications, supra.* In the appellate review of a statute involving classification, the law must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. *Cf. Heller.*

■ Moreover, the state does not have the burden of establishing that a statute is constitutional. Rather the one challenging the legislation has that burden. The state has no obligation to produce evidence to sustain the rationality of statutory classifications. *Heller.* A statute is presumed constitutional. *Heller*, citing *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973).

■ Legislative classification is not subject to a court-room fact-finding process and "may be based on rational speculation unsupported by evidence or empirical data." *Heller*, quoting *Beach Communications.* Merely because the statute may result in some practical inequity does not cause it to fail the rational basis test for review.

■ So long as the statute's generalization is rationally related to the achievement of a legitimate purpose; the statute is constitutional. *Cf. Smith, supra.* A state does not

violate the equal protection clause merely because the classifications made by the statutes are imperfect. *Stephens v. State Farm Mutual Auto Insurance Co.*, Ky., 894 S.W.2d 624 (1995).

Evidence of the rational classification can readily be found in the fact that the General Assembly, in KRS 2.015, prohibited the purchase of alcohol until one reaches the age of twenty-one. KRS 244 .085(3) also prohibits any person under 21 years of age from purchasing or possessing alcoholic beverages.

It is logical and rational to impose classifications of drivers into categories under age 21 and drivers over age 21. The legislature has rationally classified automobile drivers based on the legal drinking age. This Court in *Young v. Young*, Ky., 413 S.W.2d 887 (1967), held that the enactment of KRS 2.015 was within the province of legislative authority and that this Court is without the power to amend, alter or change that which has been done by the legislature in the exercise of their duty.

There is an obvious difference between persons who are at least 21 years of age, and those who are 18, 19 or 20 years old, in that those under age 21 are prohibited from purchasing alcohol. In addition, the legislature has recognized that there is a maturity difference between 18 year olds and 21 year olds in a number of statutes. For example, KRS 454.110 provides that an 18 year old may vacate a judgment entered against him in certain circumstances up to 12 months after reaching the age of 18. There is no similar provision for those over the age of 21. A person must be 21 years of age to obtain a commercial driver's instruction permit in interstate commerce. KRS 281A.120(1). In order to serve on a county board of elections, one must be 21 years of age. KRS 117.035. Parole officers must be 21 years of age. KRS 201.140. In order to carry a concealed deadly weapon, a person must be 21 years of age. KRS 237.110. There are a variety of situations which can provide a rational basis for drawing distinctions based on age.

In *Praete*, the Court of Appeals noted that there are distinctive and natural reasons based on a consideration of maturity, or rather the lack thereof, for making such a classi-fication. The *Praete* court sustained an equal protection challenge to DUI legislation which contained an age-based classification.

Reliance by Howard on *Raines, supra,* is misplaced. That decision is distinguishable from the situation presented here because it involved certification of the law regarding the pretrial license suspension statute. The two questions certified to the court were whether KRS 189A.200 violated due process protections and whether the pretrial license suspension was unconstitutional as a violation of the separation of powers principle. The remarks of the majority of the court in *Raines*, regarding equal protection, were not necessary to the holding of the case and consequently, we have no need to consider them as controlling precedent, nor to otherwise address the language. When *Raines* was decided, there was only one standard for legal intoxication and that was 0.10 percent. The standard was the same for both drivers over the age of 21 and those under the age of 21. Now the law has set out a different classification which was not involved in the pretrial license suspension statute. We overrule *Raines* to the extent it is in conflict with this opinion.

In order for the statute to survive an equal protection challenge, the classification must be rational and it must also be related to achieving a legitimate state purpose.

The standards for legislative classification under the state constitution are the same as those under the Fourteenth Amendment to the federal constitution and a single standard can be applied to both the state and federal constitutions. The legislature has great freedom of classification and the presumption of validity can be overcome only by the most explicit demonstration that a classification is hostile and oppressive against particular persons and classes. *Delta Air Lines, Inc. v. Commonwealth of Kentucky Revenue Cabinet*, Ky., 689 S.W.2d 14 (1985).

In reviewing the constitutionality of this statute, we find that the laws which prohibit persons from driving while intoxicated are remedial statutes which must be liberally interpreted in favor of the public inter-

est. *See Lynch v. Commonwealth,* Ky., 902 S.W.2d 813 (1995). By examining the four corners of the legislative enactment, it is clear that the intent of the legislature was a legitimate concern to reduce the number of teenage traffic fatalities as well as to protect all members of the public. We have previously held that legislative classifications will be upheld if there is a "substantial and justifiable reason apparent from the legislative history, from the statute's title, preamble or subject matter or from some other authoritative source." *Tabler v. Wallace,* Ky., 704 S.W.2d 179 (1985). Moreover, the court is not required to act in a vacuum when determining the purpose of legislation ... we may take judicial notice of the historical settings and conditions out of which the legislation was enacted. *Cf. Hamilton v. International Union of Operating Engineers,* Ky., 262 S.W.2d 695 (1953). This Court will take notice of the fact that in 1993, Kentucky ranked No. 1 in teen death rates from motor vehicle accidents, and in 1994, it ranked 9th. This is not a badge of honor, but one that obviously concerns not only all Kentuckians but also members of the General Assembly. It should be recognized that not only are those under 21 legislatively required to have lower blood alcohol levels, the legislature has determined that a commercial driver is deemed to be intoxicated at a level of 0.04 percent. KRS 281A.210(3). We must conclude that the statute in question clearly indicates through its title, preamble and subject matter that underage drinking and driving is one of serious concern.

▮ Finally, we determine that the statute in question does not violate Section 59 of the Kentucky Constitution because the classification provided in the statute is based on natural, real and substantial distinctions as recognized in *Board of Education of Louisville v. Board of Education of Jefferson County,* Ky., 522 S.W.2d 854 (1975). Here, the law applies equally to the class of drivers under age 21 and the reasons for dividing the classification are based on the statutory legal age at which alcohol can be purchased. This legislation does not amount to the type of special legislation prohibited by Section 59 of the Kentucky Constitution. *See Smith,* which stated in part that the enactment of a statutory system based on a voluntary federal statutory plan was constitutional. *See also Kentucky Harlan Coal Co. v. Holmes,* 872 S.W.2d 446 (1994).

The decision of the circuit court is reversed. KRS 189A.010(1)(e) is constitutional.

## CASE NO. 98–SC–06–TG

Vaughn appeals from an order of the Laurel Circuit Court affirming the decision of the Laurel District Court which overruled his motion to dismiss. Discretionary review was granted by this Court and this case was heard on oral argument at the same time as *Commonwealth v. Howard,* Ky, 969 S.W.2d 700 (1998). The questions presented by Vaughn are essentially the same.

The issue is whether KRS 189A.010(1)(e) creates a suspect class based on age in violation of the rights of the defendant under the Fourteenth Amendment to the United States Constitution and Section 59 of the Kentucky Constitution.

On December 11, 1996, Vaughn, who is under age 21, was arrested by London police for operating a motor vehicle with a blood alcohol concentration above 0.02 percent. Vaughn sought to have the district court charges dismissed on the grounds that the statute violated the equal protection guarantees of the Fourteenth Amendment to the U.S. Constitution and Section 59 of the Kentucky Constitution. He relied on *Raines.* The prosecution cited *Praete* and argued that *Raines,* is distinguishable because of the differences between the statute in that case and the statute here. The district judge denied the motion to dismiss and Vaughn entered a conditional plea of guilty pursuant to RCR 8.09, reserving his right to appeal. The circuit court affirmed the denial by the district court of the motion to dismiss, finding that Vaughn had failed to overcome the strong presumption in favor of constitutionality accorded to a statute pursuant to *Buford v. Commonwealth,* Ky.App., 942 S.W.2d 909 (1997). The Court of Appeals granted a motion for discretionary review and this Court accepted transfer.

The essential constitutional question raised by Vaughn regarding the constitutionality of KRS 189A.010(1)(e) has been answered as it applies to Howard's case to the effect that the statute is constitutional.

In response to specific questions raised by Vaughn in his appeal, this Court holds that the Commonwealth does not have the burden to prove that a statute is constitutional, but rather the one challenging it has such a burden. *Cf. Stephens v. State Farm, supra.* The statute in question does not violate the equal protection guarantees of either the federal or state constitutions as held by our decision in Howard's case.

The judgments of the circuit court and the district court as they relate to Vaughn's case are affirmed.

The decision of the circuit court in Howard's case is reversed.

All concur.