RENDERED:  MAY 12, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1169-MR

ANTONIO D. ADAMS                                                    APPELLANT

APPEAL FROM FRANKLIN CIRCUIT COURT
v.          HONORABLE THOMAS D. WINGATE, JUDGE
ACTION NO. 21-CI-00365

KENTUCKY PAROLE BOARD;
DANIEL AKERS, WARDEN OF THE
LEE ADJUSTMENT CENTER; DANIEL
CAMERON, ATTORNEY GENERAL,
COMMONWEALTH OF KENTUCKY, IN
HIS OFFICIAL CAPACITY; KENTUCKY
DEPARTMENT OF CORRECTIONS;
MARY NOBLE AND COOKIE CREWS,[1]
JUSTICE AND PUBLIC SAFETY
CABINET; AND RANDY WHITE,
ACTING COMMISSIONER OF THE
KENTUCKY DEPARTMENT OF
CORRECTIONS                                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

---

[1] Appellant's notice of appeal states that the "appellee shall be all respondents."  Although not named specifically in the notice of appeal, Cookie Crews filed an appellee's brief herein.  We have included Crews in this Opinion pursuant to Kentucky Rules of Appellate ("RAP") 2(B)(2).

BEFORE:  CALDWELL, GOODWINE, AND MᴄNEILL, JUDGES.

GOODWINE, JUDGE:  Antonio D. Adams ("Adams") appeals the order

dismissing his petition for declaration of rights by the Franklin Circuit Court.  We

affirm.

Adams pled guilty to robbery in the first degree[2] and was sentenced to

twenty-four years' imprisonment.  Under KRS 439.3401(1)(n), he was designated

a violent offender, requiring him to serve eighty-five percent of his sentence.  KRS

439.3401(3)(a).  Adams, *pro se*, petitioned the circuit court for a declaration of

rights, arguing KRS 439.3401, the violent offender statute, is unconstitutional

because it violates his right to equal protection under the law.  The court dismissed

his action under CR[3] 12.02(f).  This appeal followed.

"We review dismissals under CR 12.02(f) *de novo*."  *Hardin v.*

*Jefferson County Board of Education*, 558 S.W.3d 1, 5 (Ky. App. 2018) (citation

omitted).  When considering dismissal, the pleadings must be "liberally construed

in a light most favorable to the plaintiff," and we must assume all allegations in the

complaint are true.  *Littleton v. Plybon*, 395 S.W.3d 505 (Ky. App. 2012) (citation

omitted).

---

[2] Kentucky Revised Statutes (KRS) 515.020, a Class B felony.

[3] Kentucky Rules of Civil Procedure.

On appeal, Adams, *pro se*, argues KRS 439.3401 violates his right to equal protection because (1) it differentiates between individuals convicted of robbery in the first degree and those convicted of burglary of the first degree, and (2) it treats sex offenders more favorably than individuals convicted of robbery in the first degree.[4]

The Fourteenth Amendment of the United States Constitution and sections 1, 2, and 3 of the Kentucky Constitution guarantee individuals equal protection under the law.

> [E]qual protection analysis requires strict scrutiny of legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class. Unless a classification requires some form of heightened review because it jeopardizes the exercise of a fundamental right or categorizes on the basis of an inherently suspect characteristic, the equal protection clause of the federal constitution requires only that the classification rationally further a legitimate state interest.

*Commonwealth v. Howard*, 969 S.W.2d 700, 703 (Ky. 1998) (citing *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 96 S. Ct. 2562, 49 L. Ed. 2d 520 (1976)). Examples of suspect classes are those based on alienage, ancestry, or race. *Id.* Individuals convicted of robbery in the first degree have no inherently

---

[4] Adams requested the circuit court enjoin the Attorney General but did not state any grounds upon with relief could be granted. On this basis, the circuit court granted the Attorney General's motion to dismiss. Adams has abandoned this argument on appeal.

suspect characteristics.  Furthermore, inmates have no fundamental right to parole. *Stewart v. Commonwealth*, 153 S.W.3d 789, 792 (Ky. 2005).

Because KRS 439.3401 does not infringe on a fundamental right or disadvantage a suspect class, a rational basis review is appropriate.  "Under the rational basis test, a classification must be upheld against an equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."  *Howard*, 969 S.W.2d at 703 (citing *Heller v. Doe*, 509 U.S. 312, 113 S. Ct. 2637, 125 L. Ed. 2d 257 (1993)).  Under rational basis analysis, a legislature is not required to have actually articulated the rationale for creating classifications.  *Zuckerman v. Bevin*, 565 S.W.3d 580, 596 (Ky. 2018) (citation omitted).

Adams' equal protection rights are not violated by KRS 439.3401. First, the General Assembly's differentiation between robbery in the first degree and burglary in the first degree is rationally related to a legitimate state interest. Any person who has been convicted of or pled guilty to robbery in the first degree is classified as a violent offender.  KRS 439.3401(1)(n).  Only persons convicted of or who have pled guilty to burglary in the first degree, which is accompanied by either "the commission or attempted commission of an assault described in KRS 508.010, 508.020, or 508.060[,]" or the "commission or attempted commission of

kidnapping as prohibited by KRS 509.040" are classified as violent offenders. KRS 439.3401(1)(l) and (m).

Robbery in the first degree requires the person to use or threaten "the immediate use of physical force **upon another person** with the intent to accomplish the theft[.]" KRS 515.020(1) (emphasis added). A nonparticipant is always present and placed at risk during a robbery in the first degree. Conversely, burglary in the first degree does not require the presence of a nonparticipant in the crime. *See* KRS 511.020(1). Because robbery in the first degree always places a nonparticipant at risk, it was rational for the General Assembly to classify the offense under the violent offender statute. On the same basis, some burglary offenses involving nonparticipants are also classified under the violent offender statute. These classifications rationally further the legitimate state interest of requiring offenders who risk the safety of others to serve greater portions of their sentences before qualifying for parole.

Furthermore, under KRS 439.3401, sex offenders are not treated more favorably than individuals convicted of robbery in the first degree. Individuals who have committed sexual offenses are classified as violent offenders. *See* KRS 439.3401(1)(f)-(h). Adams argues that the sex offender treatment program ("SOTP") allows offenders to circumvent the violent offender statute and receive parole after serving only twenty percent of their sentences. This is incorrect. Sex

offenders are classified as violent offenders and must meet the requirements of KRS 439.3401 before becoming eligible for parole. Sex offenders must also complete SOTP before being eligible for parole. KRS 197.045(4).

Based on the foregoing, Adams' equal protection challenge must fail. The order of the Franklin Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Antonio D. Adams, *pro se*
Beattyville, Kentucky

BRIEF FOR APPELLEE
ATTORNEY GENERAL DANIEL
CAMERON:

Daniel Cameron
Attorney General of Kentucky

Courtney E. Albini
Assistant Solicitor General
Frankfort, Kentucky

BRIEF FOR APPELLEES
KENTUCKY DEPARTMENT OF
CORRECTIONS, MARY NOBLE
AND COOKIE CREWS:

Allison R. Brown
Frankfort, Kentucky